Matthew J. Richardson (0077157)
**Manley Deas Kochalski LLC**
P.O. Box 165028
Columbus, OH 43216-5028
Tel.: 614-222-4921
Fax: 614-220-5613
Email: mjr2@manleydeas.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| George G. Koustis, et al., <br><br>                 Plaintiff, <br><br> v. <br><br> Select Portfolio Servicing, Inc. <br><br>                 Defendant. | Case No. 1:20-cv-02425-DAP <br><br> Judge Dan Aaron Polster <br><br> **SELECT PORTFOLIO SERVICING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Select Portfolio Servicing, Inc. ("SPS") hereby answers the Class Action Complaint for Damages (the "Complaint") filed by plaintiffs George G. Koustis ("Koustis") and Ronald J. Collins ("Collins") (collectively, "Plaintiffs").  SPS expressly reserves all rights that it has to file dispositive motions addressed to some or all of the claims asserted in the Complaint. Except as expressly admitted herein, each and every allegation in the Complaint is denied.

**PARTIES, JURISDICTION, AND VENUE[1]**

1.      With respect to the allegations in Paragraph 1, SPS admits, on information and belief, that Koustis is a natural person residing in Geauga County, Ohio.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 1.

---

[1] For purposes of this Answer and for ease of reference, SPS adopts the headers from Plaintiffs' Complaint.  SPS's adoption of these headers should not be construed as an admission of any allegations.

2.      With respect to the allegations in Paragraph 2, SPS admits, on information and belief, that Collins is a natural person residing in Palm Beach County, Florida.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 2.

3.      The allegations in Paragraph 3 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that it is a Utah corporation and with a principal place of business in Utah.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 3.

4.      Admitted.

5.      The allegations in Paragraph 5 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that jurisdiction is proper pursuant to 28 U.S.C. § 1331 and that Plaintiffs purport to bring this action as alleged.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 5.

6.      The allegations in Paragraph 6 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits, on information and belief, that documents sent by SPS were received by Koustis within this District.  Except as expressly admitted herein, SPS denies the allegations in Paragraph 6.

## RESPA AND REGULATION X

7.      The allegations in Paragraph 7 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that RESPA, including 12 U.S.C. § 2601(a), and applicable case law speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 7 to the extent that they are inconsistent with RESPA, including 12 U.S.C. § 2601(a), and applicable case law.

8.      The allegations in Paragraph 8 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that RESPA, including 12 U.S.C. §§ 2605(e)(1)(B) and 2605(e)(1)(B)(ii), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 8 to the extent that they are inconsistent with RESPA, including 12 U.S.C. §§ 2605(e)(1)(B) and 2605(e)(1)(B)(ii).

9.      With respect to the allegations in Paragraph 9, SPS states that RESPA, including 12 U.S.C. § 2605(e)(1)(A), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 9 to the extent that they are inconsistent with RESPA, including 12 U.S.C. § 2605(e)(1)(A).

10.      With respect to the allegations in Paragraph 10, SPS states that RESPA, including 12 U.S.C. §§ 2605(e)(2)(A)-(B), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 10 to the extent that they are inconsistent with RESPA, including 12 U.S.C. §§ 2605(e)(2)(A)-(B).

11.      With respect to the allegations in Paragraph 11, SPS states that RESPA, including 12 U.S.C. § 2605(e)(2)(C), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 11 to the extent that they are inconsistent with RESPA, including 12 U.S.C. § 2605(e)(2)(C).

12.      The allegations in Paragraph 12 contain conclusions of law that require no response.  To the extent a response is required, SPS states that RESPA, including 12 U.S.C. § 2605(e), 12 U.S.C. § (e)(1)(A), and 12 U.S.C. § (e)(1)(B), and applicable case law speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 12 to the extent that they are inconsistent with RESPA, including 12 U.S.C. § 2605(e), 12 U.S.C. § (e)(1)(A), and 12 U.S.C. § (e)(1)(B), and applicable case law.

13.     The allegations in Paragraph 13 contain conclusions of law that require no response.  To the extent a response is required, SPS states that RESPA, including 12 U.S.C. §§ 2605(e) and (k), and the Dodd-Frank Wall Street Reform Act and Consumer Protection Act, Public Law No. 111-203, 124 Stat. 1376 (2010) ("Dodd-Frank"), speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 13 to the extent that they are inconsistent with RESPA, including 12 U.S.C. §§ 2605(e) and (k), and Dodd-Frank.

14.     With respect to the allegations in Paragraph 14, SPS states that RESPA, including 12 U.S.C. § 2605(k)(1)(C), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 14 to the extent that they are inconsistent with RESPA, including 12 U.S.C. § 2605(k)(1)(C).

15.     With respect to the allegations in Paragraph 15, SPS states that RESPA, including 12 U.S.C. § 2605(k)(1)(D), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 15 to the extent that they are inconsistent with RESPA, including 12 U.S.C. § 2605(k)(1)(D).

16.     The allegations in Paragraph 16 contain conclusions of law that require no response.  To the extent a response is required, SPS states that Dodd-Frank and Regulation X, 12 C.F.R. § 1024 *et seq.*, speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 16 to the extent they are inconsistent with Dodd-Frank and Regulation X.

17.     The allegations in Paragraph 17 contain conclusions of law that require no response.  To the extent a response is required, SPS states that RESPA, including 12 U.S.C. § 2605(k)(1)(E), speaks for itself and is the best evidence of its contents.  SPS denies the

allegations in Paragraph 17 to the extent that they are inconsistent with RESPA, including 12 U.S.C. § 2605(k)(1)(E).

18.     The allegations in Paragraph 18 contain conclusions of law that require no response.  To the extent a response is required, SPS states that Regulation X, including 12 C.F.R. § 1024, Supp. I and 12 C.F.R. §§ 1024.35 and 1024.36, and applicable case law speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 18 to the extent that they are inconsistent with Regulation X, including 12 C.F.R. § 1024, Supp. I and 12 C.F.R. §§ 1024.35 and 1024.36, and applicable case law.

19.      With respect to the allegations in Paragraph 19, SPS states that Regulation X, including 12 C.F.R. § 1024.36(a), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 19 to the extent that they are inconsistent with Regulation X, including 12 C.F.R. § 1024.36(a).

20.     With respect to the allegations in Paragraph 20, SPS states that 12 C.F.R. § 1024.36(d)(1) speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 20 to the extent that they are inconsistent with 12 C.F.R. § 1024.36(d)(1).

21.     The allegations in Paragraph 21 contain conclusions of law and therefore require no response.  To the extent a response is required,, SPS states that Regulation X, including 12 C.F.R. § 1024.36(f)(1), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 21 to the extent that they are inconsistent with Regulation X, including 12 C.F.R. § 1024.36(f)(1).

22.     The allegations in Paragraph 22 contain conclusions of law that require no response.  To the extent a response is required, SPS states that Regulation X, including 12 C.F.R.

§§ 1024.36(f)(1) and (f)(2), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 22 to the extent that they are inconsistent with Regulation X, including 12 C.F.R. §§ 1024.36(f)(1) and 1024.36(f)(2).

23.     The allegations in Paragraph 23 contain conclusions of law that require no response.  To the extent a response is required, SPS states that Regulation X, including 12 C.F.R. § 1024.36(f), 78 F.R. 10696, and applicable case law speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 23 to the extent that they are inconsistent with Regulation X, including 12 C.F.R. § 1024.36(f), 78 F.R. 10696, and applicable case law.

24.     With respect to the allegations in Paragraph 24, SPS states that Regulation X, including 12 C.F.R. § 1024.35(a), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 24 to the extent that they are inconsistent with Regulation X, including 12 C.F.R. § 1024.35(a).

25.     The allegations in Paragraph 25 contain conclusions of law that require no response.  To the extent a response is required, SPS states that Regulation X, including 12 C.F.R. § 1024.35(e)(1), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 25 to the extent that they are inconsistent with Regulation X, including 12 C.F.R. § 1024.35(e)(1).

26.     The allegations in Paragraph 26 contain conclusions of law that require no response.  To the extent a response is required, SPS states that Regulation X, including 12 C.F.R. § 1024.35(g)(1), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 26 to the extent that they are inconsistent with Regulation X, including 12 C.F.R. § 1024.35(g)(1).

27. The allegations in Paragraph 27 contain conclusions of law that require no response. To the extent a response is required, SPS states that Regulation X, including 12 C.F.R. § 1024.35(g)(2), speaks for itself and is the best evidence of its contents. SPS denies the allegations in Paragraph 27 to the extent that they are inconsistent with Regulation X, including 12 C.F.R. § 1024.35(g)(2).

28. The allegations in Paragraph 28 contain conclusions of law that require no response. To the extent a response is required, SPS states that Regulation X, including 12 C.F.R. § 1024.35(k)(1)(C), and 78 Fed. Reg. 10696 speak for themselves and are the best evidence of their contents. SPS denies the allegations in Paragraph 28 to the extent that they are inconsistent with Regulation X, including 12 C.F.R. § 1024.35(k)(1)(C), and 78 Fed. Reg. 10696.

29. The allegations in Paragraph 29 contain conclusions of law that require no response. To the extent a response is required, SPS states that RESPA and Regulation X speak for themselves and are the best evidence of their contents. SPS denies the allegations in Paragraph 29 to the extent that they are inconsistent with RESPA and Regulation X.

30. The allegations in Paragraph 30 contain conclusions of law that require no response. To the extent a response is required, SPS states that RESPA, including 12 U.S.C. § 2605(k)(1)(D), speaks for itself and is the best evidence of its contents. SPS denies the allegations in Paragraph 30 to the extent that they are inconsistent with RESPA, including 12 U.S.C. § 2605(k)(1)(D).

31. The allegations in Paragraph 31 contain conclusions of law that require no response. To the extent a response is required, SPS states that Regulation X, including 12 C.F.R. §§ 1024.35(b)(6) and 1026.36(c)(3), speaks for itself and is the best evidence of its contents.

SPS denies the allegations in Paragraph 31 to the extent that they are inconsistent with Regulation X, including 12 C.F.R. §§ 1024.35(b)(6) and 1026.36(c)(3).

32.     The allegations in Paragraph 32 contain conclusions of law that require no response.  To the extent a response is required, SPS states that RESPA and Regulation X speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 32 to the extent that they are inconsistent with RESPA and Regulation X.

### STATEMENT OF FACTS

33.     The allegations in the first sentence of Paragraph 33 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that 12 C.F.R. § 1024.2(b) and 12 U.S.C. § 2605(i)(2) speak for themselves and are the best evidence of their contents.  SPS denies the allegations in the first sentence of Paragraph 33 to the extent that they are inconsistent with 12 C.F.R. § 1024.2(b) and 12 U.S.C. § 2605(i)(2).  With respect to the second sentence of Paragraph 33, SPS admits that it is the current servicer of Plaintiffs' mortgage loans.  SPS lacks knowledge or information sufficient to form a belief as to whether SPS services putative Class members' mortgage loans and therefore denies those allegations.  Except as expressly stated herein, SPS denies the allegations in Paragraph 33.  SPS specifically denies that any class should be certified.

34.     The allegations in Paragraph 34 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 34 to the extent that they are inconsistent with 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

35.     The allegations in Paragraph 35 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that 12 C.F.R. §§ 1026.41(e)(4) and 617.7000 speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 35 to the extent that they are inconsistent with 12 C.F.R. §§ 1026.41(e)(4) and 617.7000.

36.     The allegations in Paragraph 36 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that 12 U.S.C. §§ 2605(e)(1)(B) and 2605(k)(1) and 12 C.F.R. §§ 1024.35 and 1024.36 speak for themselves and are the best evidence of their contents, and denies the allegations to the extent that they are inconsistent with 12 U.S.C. §§ 2605(e)(1)(B) and 2605(k)(1) and 12 C.F.R. §§ 1024.35 and 1024.36.  Further answering, SPS lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 and therefore denies them.  Except as expressly stated herein, SPS denies the allegations in Paragraph 36.  SPS specifically denies that any class should be certified.

37.     The allegations in Paragraph 37 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that 12 C.F.R. §§ 1024.35(c) and 1024.36(d) speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 37 to the extent that they are inconsistent with 12 C.F.R. §§ 1024.35(c) and 1024.36(d).  Further answering, SPS admits that Plaintiffs sent letters to SPS requesting certain information and notifying SPS of certain purported errors, states that those letters speak for themselves and are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with those letters.  SPS lacks knowledge or information sufficient to form a belief as to whether putative Class members sent correspondence to SPS and, if so, its contents, and therefore denies this allegation as to putative Class members.  Except as expressly stated

herein, SPS denies the allegations in Paragraph 37.  SPS specifically denies that any class should be certified.

38.     The allegations in Paragraph 38 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that it sent written responses to Plaintiffs' letters and states that the written responses speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 38 to the extent that they are inconsistent with its written responses.  Further answering, SPS states that it lacks knowledge or information sufficient to form a belief as to whether putative Class members sent correspondence to SPS and, if so, its contents, and therefore denies this allegations as to putative Class members. Except as expressly stated herein, SPS denies the allegations in Paragraph 38.  SPS specifically denies that any class should be certified.

39.     The allegations in Paragraph 39, including footnote 1, contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that 12 C.F.R. §§ 1024.35(g) and 1024.36(f) and applicable case law speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 39, including footnote 1, to the extent that they are inconsistent with 12 C.F.R. §§ 1024.35(g) and 1024.36(f) and applicable case law.  Except as expressly stated herein, SPS denies the allegations in Paragraph 39, including footnote 1.  SPS specifically denies that any class should be certified.

40.     The allegations in Paragraph 40 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations.  SPS specifically denies that any class should be certified.

41.     The allegations in Paragraph 41 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations.  SPS specifically denies that any class should be certified.

42.     The allegations in Paragraph 42 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations.  SPS specifically denies that any class should be certified.

43.     The allegations in Paragraph 43 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations.  SPS specifically denies that any class should be certified.

44.     The allegations in Paragraph 44 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations.  SPS specifically denies that any class should be certified.

45.     The allegations in Paragraph 45 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Plaintiffs sent letters to SPS requesting certain information and notifying SPS of certain purported errors and states that those letters speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 45 to the extent that they are inconsistent with the letters.  Further answering, SPS states that it lacks knowledge or information sufficient to form a belief as to whether putative Class members sent correspondence to SPS and, if so, its contents, and therefore denies the allegation as to putative Class members.  Except as expressly stated herein, SPS denies the allegations in Paragraph 45.  SPS specifically denies that any class should be certified.

46.     The allegations in Paragraph 46 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations.  SPS specifically denies that any class should be certified.

47.     The allegations in the first sentence of Paragraph 47 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in the first sentence of Paragraph 47.  With respect to the allegations in the second sentence and case cite in Paragraph 47, SPS admits that it was the defendant in the case captioned *Keating v. Select Portfolio Servicing Inc.*, Case No. 1:19-CV-00852-CAB (N.D. Ohio) ("*Keating*"), states that the complaints in *Keating* and individual lawsuits speak for themselves and are the best evidence of their contents, denies the allegations to the extent they are inconsistent with those complaints, and otherwise denies those allegations.  Except as expressly stated herein, SPS denies the allegations in Paragraph 47 and specifically denies that any class should be certified.

48.     The allegations in Paragraph 48 contain conclusions of law and are both speculative and conclusory in nature, and therefore require no response.  To the extent a response is required, SPS denies the allegations contained in Paragraph 48.

49.     The allegations in Paragraph 49 contain conclusions of law and are otherwise conclusory in nature, and therefore require no response.  To the extent a response is required, SPS states only that Plaintiffs purport to bring this action as alleged.  SPS denies all other allegations in Paragraph 49, and specifically denies that any class should be certified.

50.     The allegations in Paragraph 50 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that RESPA, including 12 U.S.C. § 2605(f), speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 50 to the extent they are inconsistent with RESPA, including 12 U.S.C. § 2605(f).

## FACTS RELEVANT TO PLAINTIFFS

### *Plaintiff Koustis*

51.     The allegations in Paragraph 51 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Koustis' counsel sent two letters to SPS dated May 21, 2020 and states that the letters speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 51 to the extent that they are inconsistent with the referenced letters.

52.     The allegations in Paragraph 52 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that it sent a letter to Koustis' counsel dated June 26, 2020 and states that the letter speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 53 to the extent they are inconsistent with the referenced letter.

54.     The allegations in Paragraph 54 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that it sent correspondence to Koustis' counsel on or around June 26, 2020  and states that the correspondence speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 54 to the extent they are inconsistent with the referenced correspondence.

55.     The allegations in Paragraph 55 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Koustis' counsel sent a letter to SPS dated July 6, 2020 and states that the letter speaks for itself and is the best evidence of its

contents.  SPS denies the allegations in Paragraph 55 to the extent that they are inconsistent with the referenced letter.

56.     The allegations in Paragraph 56 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that it sent a letter to Koustis' counsel dated July 28, 2020 and states that the letter speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 56 to the extent they are inconsistent with the referenced letter.

57.     The allegations in Paragraph 57 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Koustis' counsel sent a letter to SPS dated August 10, 2020 and states that the letter speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 57 to the extent that they are inconsistent with the referenced letter.

58.     The allegations in Paragraph 58 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that it sent a letter to Koustis' counsel dated August 14, 2020 and states that the correspondence speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 58 to the extent they are inconsistent with the referenced letter.

59.     The allegations in Paragraph 59 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Koustis' counsel sent a letter to SPS dated August 18, 2020 and states that the letter speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 59 to the extent that they are inconsistent with the referenced letter.

60. The allegations in Paragraph 60 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that it lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 60 and therefore denies them.

61. The allegations in Paragraph 61 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that it sent a letter to Koustis' counsel dated September 16, 2020 and states that the letter speaks for itself and is the best evidence of its contents.  SPS and denies the allegations in Paragraph 61 to the extent they are inconsistent with the referenced letter.

62. The allegations in Paragraph 62 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 62.

63. The allegations in Paragraph 63 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 63.

64. The allegations in Paragraph 64 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 64.

65. The allegations in Paragraph 65 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 65.

66. The allegations in Paragraph 66 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 66.

67. The allegations in Paragraph 67 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 67.

*Plaintiff Collins*

68.     The allegations in Paragraph 68, including footnote 2, contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that it sent a letter to Collins' authorized representative dated January 22, 2019, states that the letter and 12 C.F.R. §§ 1024.30(d) and 1024.36(i)(1) speak for themselves and are the best evidence of their contents, and denies the allegations in Paragraph 68, including footnote 2, to the extent they are inconsistent with the referenced letter and 12 C.F.R. §§ 1024.30(d) and 1024.36(i)(1).

69.     The allegations in Paragraph 69 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Collins' counsel sent letters to SPS dated February 15 2019 and February 19, 2019 and states that the letters speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 69 to the extent that they are inconsistent with the referenced letters.

70.     The allegations in Paragraph 70 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that it sent a letter to Collins' counsel dated March 4, 2019 and states that the letter speaks for itself and is the best evidence of its contents.  SPS denies the allegations in Paragraph 70 to the extent that they are inconsistent with the referenced letter.

71.     The allegations in Paragraph 71 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 71 on information and belief.

72.     The allegations in Paragraph 72 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 72.

73.    The allegations in Paragraph 73 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 73.

74.    The allegations in Paragraph 74 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 74.

## CLASS ACTION ALLEGATIONS

75.    The allegations in Paragraph 75 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits only that Plaintiffs purport to assert claims against SPS on behalf of a putative class.  SPS denies all other allegations in Paragraph 75, and specifically denies that any class should be certified.

76.    The allegations in Paragraph 76 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits only that Plaintiffs purport to assert claims against SPS on behalf of a putative subclass.  SPS denies all other allegations in Paragraph 76, and specifically denies that any class should be certified.

77.    The allegations in Paragraph 77, including footnote 3, are conclusory in nature and therefore require no response.  To the extent a response is required, SPS states that the resource cited in Paragraph 77 (*Servicer Evaluation Select Portfolio Servicing Inc.*, S&P Global Ratings, December 21, 2018 (https://www.standardandpoors.com/en_US/web/guest/article/-/view/sourceId/10806518)) speaks for itself and is the best evidence of its contents, denies the allegations in Paragraph 77 to the extent that they are inconsistent with the cited resource, denies the remaining allegations in Paragraph 77, and specifically denies that any class should be certified.

78.     The allegations in Paragraph 78, including subparts (a) through (e), state conclusions of law and therefore require no response.  To the extent a response is required, SPS denies the allegations in Paragraph 78, and specifically denies that any class should be certified.

79.     The allegations in Paragraph 79 state conclusions of law and therefore require no response.  To the extent a response is required, SPS denies the allegations in Paragraph 79, and specifically denies that any class should be certified.

80.     The allegations in Paragraph 80 state conclusions of law and therefore require no response.  To the extent a response is required, SPS denies the allegations in Paragraph 80, and specifically denies that any class should be certified.

81.     The allegations in the first, second, and third sentences of Paragraph 81 state conclusions of law and therefore require no response.  To the extent a response is required, SPS denies the allegations in the first, second, and third sentences of Paragraph 81.  SPS lacks knowledge or information sufficient to form a belief as to the allegation in the fourth sentence of Paragraph 81 and therefore denies that allegation.  SPS specifically denies that any class should be certified.

## **COUNT ONE**

82.     SPS repeats and realleges its answers to the allegations in Paragraphs 1 to 81 as if set forth fully herein.

83.     The allegations in Paragraph 83 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Plaintiffs submitted letters to SPS, states that the letters speak for themselves and are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the letters.  Further answering, SPS states that it lacks knowledge or information sufficient to form a belief as to whether putative

Class members submitted letters to SPS, and therefore denies the allegation as to putative Class members.  Except as expressly stated herein, SPS denies the allegations in Paragraph 83.  SPS specifically denies that any class should be certified.

84.     The allegations in Paragraph 84 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Plaintiffs submitted letters to SPS, states that the letters speak for themselves and are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the letters.  Further answering, SPS states that it lacks knowledge or information sufficient to form a belief as to whether putative Class members submitted letters to SPS, and therefore denies the allegation as to putative Class members.  Except as expressly stated herein, SPS denies the allegations in Paragraph 84.  SPS specifically denies that any class should be certified.

85.     The allegations in Paragraph 85 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that its written responses to Plaintiffs' letters speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 85 to the extent that they are inconsistent with those written responses, and specifically denies that any of its responses to Plaintiffs' letters were not adequate.  Except as expressly stated herein, SPS denies the allegations in Paragraph 85.  SPS specifically denies that any class should be certified.

86.     The allegations in the first sentence of Paragraph 86 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in the first sentence of Paragraph 86.  The allegations in the second sentence of Paragraph 86 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that 12 C.F.R. §§ 1024.35(g) and 1024.6(f) speak for themselves and are the

best evidence of their contents, denies the allegations to the extent they are inconsistent with 12 C.F.R. §§ 1024.35(g) and 1024.6(f), and otherwise denies the allegations in the second sentence of Paragraph 86.  Except as expressly stated herein, SPS denies the allegations in Paragraph 86. SPS specifically denies that any class should be certified.

87.     The allegations in Paragraph 87 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 87. SPS specifically denies that any class should be certified.

88.     SPS denies the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 89. SPS specifically denies that any class should be certified.

90.     The allegations in Paragraph 90 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 90. SPS specifically denies that any class should be certified.

## COUNT TWO

91.     SPS repeats and realleges its answers to the allegations in Paragraphs 1 to 90 as if set forth fully herein.

92.     The allegations in Paragraph 92 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Plaintiffs submitted letters to SPS, states that the letters speak for themselves and are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the letters.  Further answering, SPS states that it lacks knowledge or information sufficient to form a belief as to whether putative Class members submitted letters to SPS, and therefore denies the allegation as to putative Class

members.  Except as expressly stated herein, SPS denies the allegations in Paragraph 92.  SPS specifically denies that any class should be certified.

93.     The allegations in Paragraph 93 contain conclusions of law to which no response is required.  To the extent a response is required, SPS admits that Plaintiffs submitted letters to SPS, states that the letters speak for themselves and are the best evidence of their contents, and denies the allegations to the extent that they are inconsistent with the letters.  Further answering, SPS states that it lacks knowledge or information sufficient to form a belief as to whether putative Class members submitted letters to SPS and therefore denies the allegation as to putative Class members.  Except as expressly stated herein, SPS denies the allegations in Paragraph 93.  SPS specifically denies that any class should be certified.

94.     The allegations in Paragraph 94 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that its written responses to Plaintiffs' letters speak for themselves and are the best evidence of their contents.  SPS denies the allegations in Paragraph 94 to the extent that they are inconsistent with those written responses, and specifically denies that any of its responses to Plaintiffs' letters were not adequate.  Except as expressly stated herein, SPS denies the allegations in Paragraph 94.  SPS specifically denies that any class should be certified.

95.     The allegations in the first sentence of Paragraph 95 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in the first sentence of Paragraph 95.  The allegations in the second sentence of Paragraph 95 contain conclusions of law to which no response is required.  To the extent a response is required, SPS states that 12 C.F.R. §§ 1024.35(g) and 1024.6(f) speak for themselves and are the best evidence of their contents, denies the allegations to the extent they are inconsistent with 12

C.F.R. §§ 1024.35(g) and 1024.6(f), and otherwise denies the allegations in the second sentence of Paragraph 95.  Except as expressly stated herein, SPS denies the allegations in Paragraph 95.  SPS specifically denies that any class should be certified.

96.     The allegations in Paragraph 96 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 96.  SPS specifically denies that any class should be certified.

97.     The allegations in Paragraph 97 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 97.  SPS specifically denies that any class should be certified.

98.     The allegations in Paragraph 98 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 98.  SPS specifically denies that any class should be certified.

99.     SPS denies the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 100.  SPS specifically denies that any class should be certified.

101.    The allegations in Paragraph 101 contain conclusions of law to which no response is required.  To the extent a response is required, SPS denies the allegations in Paragraph 101.  SPS specifically denies that any class should be certified.

## PRAYER FOR RELIEF

With respect to the unnumbered paragraph following Paragraph 101, including subparts A to F, SPS denies that Plaintiffs and any putative class members are entitled to any relief, including, but not limited to the relief sought in subparts A to F, and specifically denies that any class should be certified.

## JURY DEMAND

The allegations in the unnumbered paragraph above the signature block state a demand for a trial by jury, and therefore require no response.  To the extent a response is required, SPS denies that Plaintiffs are entitled to trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

Plaintiffs lack standing to assert the claims, in whole or in part.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by estoppel.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by laches and/or the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction, settlement and release.

**SIXTH DEFENSE**

SPS hereby pleads and relies upon all rights and defenses that arise by virtue of the status, conduct, or right of any third party that SPS acted on behalf of or in whose shoes it stands or whose rights it (or such third parties) obtained, including release, accord and satisfaction, the protections of banking preemption and/or arbitration contracts agreed to by Plaintiffs and/or the absent putative class members that bar a lawsuit of this type.

**SEVENTH DEFENSE**

Recovery is barred or limited by the doctrines of *in pari delicto* and/or unclean hands.

**EIGHTH DEFENSE**

Any injury or damage to Plaintiffs should be offset by amounts owed by Plaintiffs.

**NINTH DEFENSE**

Plaintiffs' claims are barred where they are based on or resulted in damages caused by the acts and omissions of third parties for whom SPS is not responsible.

**TENTH DEFENSE**

Plaintiffs' claims are barred by *res judicata*, judgment, waiver, election of remedies, judicial estoppel, and collateral estoppel based on the existence of or events in the foreclosure action with respect to Plaintiffs' loan.

**ELEVENTH DEFENSE**

Plaintiffs have not incurred any actual injury in fact, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm or other injuries justifying a claim for actual damages as a result of the alleged conduct of SPS.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred or limited by all defenses, exceptions, and exclusions,

statutory or otherwise, available under the Real Estate Settlement Procedures Act, 12 U.S.C. §
2601, *et seq.*, and applicable regulations and applicable case law, and SPS reserves and asserts
all such defenses, exceptions, and exclusions as if fully set forth herein.

### THIRTEENTH DEFENSE

All putative class allegations and claims should be stricken or dismissed, and any class
certification motion should be denied, because this case is not appropriate for certification as a
class action under Federal Rule of Civil Procedure 23.

### FOURTEENTH DEFENSE

With respect to absent class members, in the event Plaintiffs are allowed to pursue class
certification, SPS reserves all affirmative defenses and claims and issues individual to particular
class members, including, but not limited to, the defense of lack of personal or subject matter
jurisdiction, lack of standing, arbitration, bankruptcy, and/or that their claims may be barred by
principles of *in pari delicto* and/or unclean hands, preemption, *res judicata*, collateral estoppel,
claim preclusion, release, judgment, statute of limitations, laches, settlement, or waiver or similar
concepts.

### FIFTEENTH DEFENSE

Plaintiffs' plea for relief is barred, in whole or in part, by the limitations on total awards
available under RESPA as set forth in 12 U.S.C. § 2605.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because Plaintiffs did not send
a "notice of error" to SPS pursuant to 12 C.F.R. § 1024.35.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because SPS properly

responded to Plaintiffs' letters pursuant to 12 C.F.R. § 1024.35.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because Plaintiffs' letters asserted duplicative notices of error as defined in 12 C.F.R. § 1024.35(g)(1)(i).

## NINETEENTH DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because Plaintiffs did not send a "written request for information" to SPS pursuant to 12 C.F.R. § 1024.36.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because SPS properly responded to Plaintiffs' letters pursuant to 12 C.F.R. § 1024.36.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because SPS maintains reasonable policies and procedures pursuant to 12 C.F.R. § 1024.36.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because Plaintiffs' letters requested duplicative information as defined in 12 C.F.R. § 1024.36(f)(1)(i).

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because Plaintiffs' letters requested confidential, proprietary, or privileged information.  12 C.F.R. § 1024.36(f)(1)(ii).

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because Plaintiffs' letters requested irrelevant information.  12 C.F.R. § 1024.36(f)(1)(iii).

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because Plaintiffs' requests were overbroad or unduly burdensome.  12 C.F.R. § 1024.36(f)(1)(iv).

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because SPS did not engage in a pattern or practice of noncompliance with 12 U.S.C. § 2605.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because Plaintiffs did not send a "qualified written request" to SPS pursuant to 12 U.S.C. § 2605(e)(1)(B).

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because any disclosure(s) or response(s) by SPS complied with all regulations governing the form and content of such disclosure(s) or response(s).

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, because they are a breach of the agreement in *Keating v. Select Portfolio Servicing Inc.*, Case No. 1:19-CV-00852-CAB (N.D. Ohio).

## THIRTIETH DEFENSE

SPS hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

**THIRTY-FIRST DEFENSE**

SPS expressly reserves its right to amend this Answer, including, but not limited to, asserting additional defenses or making additional claims for future relief, as discovery in this action shall warrant, or in the event of any future change in the nature or scope of this lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, SPS respectfully requests:

1.      that the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby; and

2.      that SPS be awarded its costs and disbursements herein, and a reasonable attorneys' fee, to be taxed or awarded as provided by law.

Dated: January 8, 2021                    Respectfully submitted,

                                          By: _s/ Matthew J. Richardson___
                                              Matthew J. Richardson
                                              **Manley Deas Kochalski LLC**
                                              P.O. Box 165028
                                              Columbus, OH 43216-5028
                                              Tel.:  614-222-4921
                                              Fax: 614-220-5613
                                              Email: mjr2@manleydeas.com


                                          *Attorneys for Defendant Select Portfolio*
                                          *Servicing, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 8, 2021, a copy of the foregoing Select Portfolio Servicing, Inc.'s Answer and Affirmative Defenses was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s Matthew J. Richardson
Matthew J. Richardson