**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT CLEVELAND**

| | |
|---|---|
| **GEORGE G. KOUSTIS,** *et al.*, *on behalf of themselves and all others similarly situated,* | Case No.1:20-CV-02425-DAP |
| Plaintiffs, | Judge Daniel Aaron Polster |
| v. | |
| **SELECT PORTFOLIO SERVICING, INC.,** | |
| Defendant. | |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL**
**APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs George G. Koustis and Ronald J. Collins ("Plaintiffs"),[1] on behalf of themselves and the proposed Settlement Class, respectfully move this Court to enter the proposed Order Granting Final Approval of Class Action Settlement ("Final Approval Order"), attached hereto as Exhibit C. The Settlement would deliver substantial monetary benefits to the Settlement Class Members without the need for a claims process and provide non-monetary relief. As set forth in the accompanying Memorandum of Law, Plaintiffs respectfully request that the Court grant the Motion.

Date: December 1, 2021

By: */s/ Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr. (pro hac vice)
(*Illinois Bar No. 6231944*)
*tom@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602

---

[1] Capitalized terms not defined herein are as stated in the Class Action Settlement Agreement, attached hereto as Exhibit A.

(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Brian D. Flick (0081605)
DANN LAW
15000 Madison Avenue
Lakewood, Ohio 44107
(216) 373-0539 telephone
(216) 373-0536 facsimile
*notices@dannlaw.com*

*Counsel for Plaintiffs*
*and the Settlement Class*

## TABLE OF CONTENTS

ISSUE STATEMENT ................................................................................................1

SUMMARY OF ARGUMENT ...................................................................................1

FACTUAL BACKGROUND .......................................................................................2

    A.    The Circumstances that Prompted this Lawsuit...................................2

    B.    The History of this Lawsuit .................................................................3

TERMS OF PROPOSED SETTLEMENT .....................................................................3

    A.    Proposed Settlement Class...................................................................3

    B.    Settlement Fund ...................................................................................4

    C.    Agreement Related to SPS's Business Practices .................................4

    D.    Service Awards to Class Representatives ............................................5

    E.    Attorneys' Fees and Costs ...................................................................5

    F.    The Results of the Settlement .............................................................5

CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT IS APPROPRIATE ................................7

CLASS COUNSEL ARE WELL QUALIFIED TO REPRESENT
THE INTERESTS OF THE SETTLEMENT CLASS.........................................................7

THE NOTICE PLAN CONSTITUTED THE BEST
NOTICE PRACTICABLE UNDER THE CIRCUMSTANCES.............................................8

    A.    The Contents of the Notice .................................................................8

    B.    The Notice Plan...................................................................................9

THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE .......................................10

    A.    Plaintiffs' and Class Counsel's Capable Representation
          of the Settlement Class Warrants Final Approval................................11

    B.    The Absence of Fraud or Collusion Supports Final Approval ............12

    C.    The Avoidance of Complexity, Time, and

        Expense of Continued Litigation Supports Final Approval....................................12

D.    The Amount of Discovery Supports the Settlement Agreement .........................14

E.    The Significant Benefits of the Settlement Warrant Final Approval....................14

F.    Class Counsel and Class Representatives Support the Settlement .......................16

G.    The Reaction of Settlement Class Members Supports Final Approval ................17

H.    The Public Interest Supports Final Approval.........................................................17

I.    The Terms and Timing of the Proposed Award of
Attorney's Fees Support Final Approval ...............................................................18

J.    There Are No Agreements Required to Be Identified Under Rule 23(e)(3)..........19

K.    The Settlement Treats Settlement Class Members
Equitably Relative to Each Other ........................................................................19

**CONCLUSION** ..........................................................................................................................19

<u>**TABLE OF AUTHORITIES**</u>

<u>**Cases**</u>

*Berry v. School Dist. of City of Benton Harbor,*
  184 F.R.D. 93 (W.D. Mich. 1998) ........................................................................13

*Blank v. Talley Industries, Inc.*,
  64 F.R.D. 125 (S.D.N.Y. 1974) ...........................................................................16

*Coulter-Owens v. Rodale, Inc.*,
  14-12688, 2016 WL 5476490 (E.D. Mich. Sept. 29, 2016) ......................................17

*Fisher Brothers v. Phelps Dodge Industries Inc.*,
  604 F. Supp. 446 (E.D. Pa. 1985) ........................................................................16

*Franks v. Kroger Co.*,
  649 F.2d 1216 (6th Cir. 1981) .............................................................................10

*Gascho v. Glob. Fitness Holdings, LLC*,
  822 F.3d 269 (6th Cir. 2016) ..................................................................... *passim*

*Gilbert v. Abercrombie & Fitch, Co.*,
  2:15-cv-2854, 2016 WL 4159682 (S.D. Ohio Aug. 5, 2016),
  *report and recommendation adopted,* 2016 WL 4449709 (S.D. Ohio Aug. 24, 2016) ..............13

*Gooch v. Life Inv'rs Ins. Co. of Am.*,
  672 F.3d 402 (6th Cir. 2012) ...............................................................................9

*Hainey v. Parrott*,
  617 F. Supp. 2d 668 (S.D. Ohio 2007) ..................................................................17

*In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*,
  789 F. Supp. 2d 935 (N.D. Ill. 2011) ....................................................................14

*In re Austrian & German Bank Holocaust Litig.*,
  80 F. Supp. 2d 164 (S.D.N.Y. 2000)................................................................13, 14

*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003) ..................................................................15, 17

*In re Telectronics Pacing Systems, Inc.*,
  137 F. Supp. 2d 985 (S.D. Ohio 2001) ............................................................10, 13

*Int'l Union v. Ford Motor Co.*,
  05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006).........................................12

*IUE-CWA v. General Motors Corp.*,
238 F.R.D. 583 (E.D. Mich. 2006) ...............................................................10, 12, 13

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978) ...................................................................................................9

*Pelzer v. Vassalle*,
655 F. App'x 352 (6th Cir. 2016) ...............................................................................7

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) ...................................................................................................8

*Priddy v. Edelman*,
883 F.2d 438 (6th Cir. 1989) ....................................................................................15

*UAW v. General Motors Co.*,
05-cv-73991, 2006 WL 891151 (E.D. Mich. Mar. 1, 2006)......................................10

## Rules and Miscellaneous Authorities

Fed. R. Civ. P. 23(a) ......................................................................................................7

Fed. R. Civ. P. 23(b)(3).............................................................................................7, 9

Fed. R. Civ. P. 23(c)(1)(B) ...........................................................................................7

Fed. R. Civ. P. 23(c)(2)(B) ...........................................................................................9

Fed. R. Civ. P. 23(e)(1).................................................................................................9

Fed. R. Civ. P. 23(e)(2)(A)–(D) ............................................................................ *passim*

Fed. R. Civ. P. 23(g)(1)(A) ...........................................................................................8

Manual for Complex Litigation, Fourth, § 21.61.........................................................10

Manual for Complex Litigation, Fourth, § 21.311.........................................................9

7B Fed. Prac. & Proc. Civ. § 1797.5 (3d ed.) .............................................................10

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

### ISSUE STATEMENT

The issue to be decided is whether the Settlement should be approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

### SUMMARY OF ARGUMENT

Plaintiffs seek final approval of a proposed class action settlement providing monetary and nonmonetary relief for individuals to whom Defendant Select Portfolio Servicing, Inc. ("SPS") erroneously asserted an "active litigation" exception to their Requests for Information, Notices of Error, and/or Qualified Written Requests pursuant to the Real Estate Settlement Procedures Act ("RESPA") and its regulations, 12 U.S.C. § 2605(e)(1)(B) and 12 C.F.R. §§ 1024.35 and 1024.36. The classwide relief—negotiated at arm's-length—would end this litigation on terms that readily meet the standard for final approval as fair, reasonable, and adequate.

Under the terms of the Settlement, SPS will create a $105,000 non-reversionary fund for court-approved administrative expenses, costs, attorneys' fees, and incentive awards, and monetary payments to Settlement Class Members. Settlement Class Members who do not opt out will automatically receive a check. No claim forms are necessary. SPS also promises to refrain from engaging in the conduct complained of in the Complaint.

The notice plan directed by the Court was successful and satisfied the standard for approval. As evidenced by the Declaration of Dorothy Sue Merryman of Class-settlement.com ("Merryman Decl."), attached hereto as <u>Exhibit B</u>, Class-settlement.com (the "Settlement Administrator") provided direct mail notice ("Class Notice") to the addresses of Settlement Class

Members as provided by SPS. Merryman Decl. ¶¶ 6–7. If the direct mailing was returned as undeliverable, the Settlement Administrator then undertook industry-tested steps to locate an alternative address and resend the notice. *Id.*

Given the Settlement's considerable benefits in lieu of the risks, expenses, and delay of continued litigation, Plaintiffs respectfully request that the Court grant final approval of the Settlement. A proposed final approval order is attached hereto as Exhibit C.

<h2 style="text-align:center">FACTUAL BACKGROUND</h2>

**A.     The Circumstances that Prompted this Lawsuit**

Plaintiffs allege that, between October 26, 2017 through October 26, 2020, they and the other Settlement Class Members sent correspondence to SPS in the form of a Qualified Written Request, Notice of Error, and/or Request for Information as those terms are defined by 12 U.S.C. § 2605(e)(1)(B), 12 C.F.R. §§ 1024.35, 12 C.F.R. §§ 1024.36 and/or otherwise falling within the purview of 12 C.F.R. §§ 2605(k)(1) ("the Borrower Inquiries"). *See* Compl., PageID #10, ¶ 36. The Borrower Inquiries were sent to SPS at its designated address for receipt of such Borrower Inquiries established pursuant to 12 C.F.R. § 1024.35(c) and 12 C.F.R. § 1024.36(d). *See* Compl., PageID #10, ¶ 37.

In response to Plaintiffs and the other Settlement Class Members, SPS replied with form letters (the "Active Litigation Letters") stating that:

> The issues presented in the inquiries are part of an ongoing litigation. SPS is aware of the issues presented in your letter and would like to work with you to reach a resolution. Due to the current litigation, SPS believes that it would be more appropriate to refrain from providing a detailed response to you at this time. We encourage you to continue working with our legal counsel to determine the available resolution options.

*See* Compl., PageID #10-11, ¶ 38. The Active Litigation Letters were the only substantive correspondence that SPS sent in response to the Borrower Inquiries. *Id.*

**B.      The History of this Lawsuit**

On October 26, 2020, Plaintiffs filed this lawsuit, asserting that SPS's Active Litigation Letters violated multiple provisions of RESPA because there is no "active litigation" exception in RESPA contained in 12 C.F.R. § 1024.35(g) and 12 C.F.R. § 1024.36(f). *See* Compl., PageID #11, ¶ 39. Plaintiffs further asserted that SPS's failures to provide adequate written responses to the Borrower Inquiries violated 12 C.F.R. § 1024.35(g), 12 C.F.R. § 1024.36(f), and 12 U.S.C. § 2605(k)(1). *See* Compl., PageID #11, ¶ 39; *see also* Compl., PageID #21-22, ¶¶ 82-90 (Count I: Violations of 12 U.S.C. § 2605(e)(2), 12 U.S.C. § 2605(k)(1), 12 U.S.C. § 1024.35 and 12 C.F.R § 1024.36); *see also* Compl., PageID #22-24, ¶¶ 91-101 (Count II: Violations of 12 U.S.C. § 2605(k)(1)(C) and (E), and 12 C.F.R. § 1024.35).

Plaintiffs asserted that SPS's failure to provide adequate written responses to the Borrower Inquiries caused actual harm. Plaintiffs and the other Settlement Class Members spent time and money for postage to send the Borrower Inquiries and received insufficient responses, were deprived of the information that each affected Settlement Class Member was legally entitled to obtain in a timely manner, and were deprived of the right to receive a reasonable investigation of asserted errors regarding the loans. *See* Compl., PageID #12, ¶ 44. Since the filing of the Complaint, SPS timely filed its Answer to the Complaint with Affirmative Defenses on January 8, 2021. (Dkt. 11).

On June 28, 2021, the parties executed the formal Settlement Agreement. On June 29, 2021, the Court granted preliminary approval of the Settlement and directed notice to be disseminated to the Settlement Class defined in the Settlement Agreement. *See* Dkt. 25.

<u>TERMS OF PROPOSED SETTLEMENT</u>

**A.      Proposed Settlement Class**

The Settlement would offer relief to the following proposed Settlement Class:

All mortgage loan borrowers in the United States (1) who submitted an inquiry, dispute, or request for information in writing to SPS's designated address for Notices of Error, Requests for Information, or Qualified Written Requests, and (2) to whom SPS sent an Active Litigation Letter, without more, from October 26, 2017 to October 26, 2020.

*See* Exhibit A - Settlement Agreement ("SA"), ¶ 11. The Settlement Class specifically excludes (1) SPS and (2) any Settlement Class Member who submits a timely opt-out notice. SA, ¶¶ 19-20.

## B.   Settlement Fund

The Settlement provides that SPS must pay for a $105,000 non-reversionary Settlement Fund. SA, ¶ 12. SPS will not be entitled to retain any part of the Settlement Fund for any reason. SA, ¶ 17. After payment of attorney fees and expenses to Class Counsel as approved by the Court, payment of class representative awards as approved by this Court, and settlement administration costs of approximately $1,600 (Merryman Decl. ¶ 10), the remaining balance ("Class Settlement Fund") of approximately $60,830 will be distributed equally among the Settlement Class Members who did not submit timely opt out requests. SA, ¶¶ 22–24. The Settlement Administrator will calculate the amounts of payments to Settlement Class Members on a proportionate basis such that the total aggregate amount to be paid equals the Class Settlement Fund and no money remains. SA, ¶ 24.

After deducting the requested attorney's fees, costs, Class Representative Service Awards, and costs of notice and settlement administration, each Settlement Class Member is projected to receive a check in the approximate amount of $870.

## C.   Agreement Relating to SPS's Business Practices

In addition to the Settlement Fund, SPS has agreed to revise its policies and procedures and to discontinue the practice of sending Active Litigation Letters as the only response to

borrowers who send a valid Qualified Written Request, Request for Information, or Notice of Error under RESPA to SPS's designated address. SA, ¶ 18.

### D. Service Awards to Class Representatives

Plaintiffs have filed an application to the Court for Service Awards from the Settlement Fund to the two (2) Representative Plaintiffs, George Koustis and Ronald Collins, of One Thousand Dollars ($1,000) each, or Two Thousand Dollars ($2,000) total. SA, ¶ 36. Both Mr. Koustis and Mr. Collins actively participated in the prosecution of this case on behalf of the Settlement Class and assisted Class Counsel in settlement negotiations.

### E. Attorneys' Fees and Costs

Class Counsel filed an application to the Court for payment from the Total Class Settlement Amount of attorneys' fees of up to $40,000, plus the costs and expenses that Class Counsel has incurred in the prosecution of this Litigation ("Attorneys' Fees and Costs"). SA, ¶ 36. Pursuant to the Preliminary Approval Order, said application was filed on August 28, 2021 (Dkt. 28), no earlier than seven (7) days before the deadline for opt-outs and objections. SA, ¶ 36. The amount of Attorneys' Fees and Costs awarded by the Court shall be deducted from the Total Class Settlement Amount and paid by the Settlement Administrator to Class Counsel. *Id.*

On August 30, 2021, the Court granted the application for attorneys' fees, costs, and expenses and Representative Plaintiff Service Awards. (Dkt. 28).

### F. The Results of the Settlement

As shown in the Declaration of Dorothy Sue Merryman, the Settlement Administrator carried out the notice plan as directed by the Court in the Preliminary Approval Order.

The Settlement Administrator coordinated the distribution of the Class Notice in this case. Merryman Decl. ¶ 4. SPS provided the Settlement Administrator with the list of 74 unique names

and addresses of borrowers who received a letter response from SPS, between October 26, 2017 and October 26, 2020, stating that because their loan was involved in litigation, SPS would refrain from providing a detailed response to their inquiry at that time. *Id*. ¶ 5. The Settlement Administrator checked each address on the Class List against the National Change of Address (NCOA) database prior to mailing and, on July 28, 2021, caused the Class Notice to be mailed to the addresses on the Class List. *Id*. ¶¶ 6–7. Six of the 74 Class Notices were returned as undeliverable. *Id*. ¶ 8. The Settlement Administrator was able to remail one of these six to a new address after obtaining forwarding information. *Id*. Another of the six was returned because the Class member was deceased. *Id*. As of November 24, 2021, the Settlement Administrator received four timely opt out requests. *Id*. ¶ 9. No Settlement Class Member submitted any objection to the Settlement. *Id*. ¶ 9.

In addition, the Class Notice complied with the requirements of the Class Action Fairness Act. As attested to in the Declaration of Alyssa A. Sussman Regarding Class Action Fairness Act Notice and Compliance with Notice Requirements ("Sussman Decl.") (Dkt 26), on July 7, 2021, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, notice of the Settlement was served upon the Attorney General of the United States and the appropriate State officials of the States where at least one class member has a mailing address according to SPS's records. Sussman Decl., ¶ 2. In accordance with 28 U.S.C. § 1715(b), the Notice included a CD with copies of: (1) the Complaint (Dkt. 1); (2) Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Exhibits (Dkt. 23); (3) the proposed preliminary approval order; (4) the proposed form of notice to class members; and (5) the Settlement Agreement and Exhibits. *Id*. ¶ 3. In accordance with 28 U.S.C. § 1715(b), the Notice also included: (1) the names of borrowers SPS identified as class members who reside in each pertinent State as determined from SPS's records

and based on its preliminary investigation; and (2) the estimated proportionate share of the claims of borrowers SPS identified as class members in the pertinent State to the entire settlement. *Id.* ¶ 4. Plaintiffs did not receive and are unaware of any objections to the Settlement from the authorities that were notified.

## CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT IS APPROPRIATE

"For the Court to certify a class, the plaintiffs must satisfy all of the requirements of Rule 23(a), and one of the requirements of Rule 23(b)." *Pelzer v. Vassalle*, 655 F. App'x 352, 363 (6th Cir. 2016). The four requirements of Rule 23(a) are numerosity, commonality, typicality, and adequacy. Further, Plaintiffs seek certification of the Settlement Class pursuant to Rule 23(b)(3), which provides that certification is appropriate where "the court finds the questions of law or fact common to class members predominate over any questions affecting only individual members [predominance], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy [superiority]." Fed. R. Civ. P. 23(b)(3).

The Court provisionally certified the following Settlement Class for settlement purposes:

> All mortgage loan borrowers in the United States (1) who submitted an inquiry, dispute, or request for information in writing to SPS's designated address for Notices of Error, Requests for Information, or Qualified Written Requests, and (2) to whom SPS sent an Active Litigation Letter, without more, from October 26, 2017 to October 26, 2020.

The Court found that the elements of Rule 23(a) and (b)(3) were met for purposes of effectuating the Settlement. The reasons supporting those findings have not changed and support certification for purposes of granting final approval of the Settlement.

## CLASS COUNSEL ARE WELL QUALIFIED TO REPRESENT THE INTERESTS OF THE SETTLEMENT CLASS

"An order certifying a class action . . . must also appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B). In appointing class counsel, courts should consider (i) the work counsel

has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

As outlined herein, the work and experience of Class Counsel in prosecuting complex litigation matters, including this one, demonstrate that they are well qualified to represent the Settlement Class.

<u>**THE NOTICE PLAN CONSTITUTED THE BEST NOTICE PRACTICABLE UNDER THE CIRCUMSTANCES**</u>

**A.      The Contents of the Notice**

The notice "describe[d] the action and the plaintiffs' rights in it" and "'fairly apprise[s] . . . prospective members of the class of the terms of the proposed settlement' so that class members may come to their own conclusions about whether the settlement serves their interests." *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985). Here, the Notice was designed to provide information about the Settlement, along with clear, concise, easily understood information about Settlement Class Members' legal rights. *See* Exhibit 1 to Merryman Decl. ¶ 6.

The Notice included a fair summary of the general terms of the Settlement, instructions for opting out or objecting, references to where and how Settlement Class Members can learn more information about the Settlement, a statement of the amount of requests for attorneys' fees, costs and expenses, and Class Representative Service Awards, and set forth the date, time, and place of the final fairness hearing, as set by the Court. *See id*.

The Notice contains information that a reasonable person would consider material in making an informed, intelligent decision of whether to opt out of the Settlement or remain a

member of the Settlement Class and be bound by a final judgment. Altogether, the Notice fairly apprises the Settlement Class Members of the terms of the Settlement and their rights.

**B.      The Notice Plan**

Pursuant to Federal Rule of Civil Procedure 23(e)(1), a district court, when approving a class action settlement, "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Pursuant to Rule 23(c)(2)(B), for any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Additionally, "[t]he Due Process Clause . . . gives unnamed class members the right to notice of the settlement of a class action. To comport with the requirements of due process, notice must be 'reasonably calculated to reach interested parties.'" *Gooch v. Life Inv'rs Ins. Co. of Am.*, 672 F.3d 402, 422–23 (6th Cir. 2012) (citations omitted).

The Settlement Administrator sent direct notice to Settlement Class Members' mailing addresses, as follows: SPS provided the Settlement Administrator a list of 74 persons who make up the Settlement Class, along with their addresses on file. *See* Merryman Decl. ¶ 5. The Settlement Administrator checked each of these addresses on the National Change of Address database prior to mailing. *Id*. ¶ 6. Class Notice was directed to the 74 mailing addresses on July 28, 2021. *Id*. ¶ 7. Six of the 74 mailings were returned as undeliverable. *Id*. ¶ 8. The Settlement Administrator obtained a new address for one of these six addresses and remailed the Class Notice to the new address. Another of the six was returned because the addressee was deceased. *Id*. ¶ 8.

Notice by U.S. mail, like the Class Notice here, is expressly allowed by Rule 23(c)(2)(B) and has been observed as the preferable method for disseminating class notice where names and addresses are known. *See* Manual for Complex Litigation, Fourth, § 21.311 (citing *Oppenheimer*

*Fund, Inc. v. Sanders*, 437 U.S. 340, 356 n.22 (1978)) ("notice by mail usually is preferred");

*Shutts*, 472 U.S. at 812 (due process was satisfied when fully descriptive notice was sent by first-class mail to each class member).

Here, Class Notice was directed to Settlement Class Members who were identified with reasonable effort and provided the best notice practicable under the circumstances. The Notice, therefore, meets the requirements for final approval.

## THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

"Being a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement." *In re Telectronics Pacing Systems, Inc.*, 137 F. Supp. 2d 985, 1008–09 (S.D. Ohio 2001). "To determine whether a proposed settlement is fair, reasonable, and adequate, the court must determine whether the interests of the class are better served by the settlement than by future litigation." Manual for Complex Litigation, Fourth, § 21.61.

"Given that class settlements are favored, the role of the district court is 'limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.'" *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006) (quoting *UAW v. General Motors Co.*, 05-cv-73991, 2006 WL 891151, *13 (E.D. Mich. Mar. 1, 2006)); 7B Fed. Prac. & Proc. Civ. § 1797.5 (3d ed.) ("The role of the judge at the settlement hearing is strictly limited.").

Settlement of class actions is generally favored and encouraged. *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). Fed. R. Civ. P. 23(e)(2)(A)–(D) requires that the Court consider whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking

into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

In addition, the Sixth Circuit has articulated the following factors as relevant to the determination whether a class settlement is fair, reasonable, and adequate: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 276 (6th Cir. 2016). After considering the factors stated in Rule 23 and in *Gascho*—some of which overlap—the Court should grant final approval of the Settlement.

## A. Plaintiffs' and Class Counsel's Capable Representation of the Settlement Class Warrants Final Approval

Rule 23(e)(2)(A) requires consideration of whether Plaintiffs and Class Counsel have adequately represented the Settlement Class. As the Court stated in its Order Granting Preliminary Approval of the Settlement (Dkt. 25, Page ID #347), "Plaintiffs are appropriate and adequate representativeS for the Settlement Class, as demonstrated by their prosecution of this action, they do not have adverse interests to the Settlement Class, and they are appointed Class Representatives."

In addition, the Court held, "Plaintiff's counsel, Marc Dann and Thomas A. Zimmerman, Jr. will fairly and adequately represent the interests of the Settlement Class, as demonstrated by

their prosecution of this action, and their extensive experience litigating consumer class actions. They are appointed Class Counsel." *Id*.

These holdings are reaffirmed now that Plaintiffs and Class Counsel have performed their obligations of providing notice to the Settlement Class in accordance with Court's Order, Rule 23, and the Due Process clause. Plaintiffs and Class Counsel have ably prosecuted their claims, negotiated the Settlement's substantial monetary and non-monetary benefits, and provided notice of the Settlement to those who would be bound by it. The Settlement is now ripe for final approval because of Plaintiffs' and Class Counsel's considerable efforts.

**B.     The Absence of Fraud or Collusion Supports Final Approval**

The first *Gascho* factor and Rule 23(e)(2)(A)–(B) require consideration of the risk of fraud or collusion and whether the Settlement was negotiated at arm's length. *See Gascho*, 822 F.3d at 276–77. "Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered." *Int'l Union v. Ford Motor Co.*, 05-74730, 2006 WL 1984363, at \*26 (E.D. Mich. July 13, 2006); *see also IUE-CWA*, 238 F.R.D. at 598 ("Courts presume the absence of fraud or collusion unless there is evidence to the contrary.").

Here, the terms of the Settlement were negotiated at arm's length with the Court's guidance and there was no collusion. The Settlement achieves excellent benefits for Settlement Class Members. As such, the Court should find that the Settlement was not reached through any fraud or collusion, and this factor weighs in favor of approving the Settlement.

**C.     The Avoidance of Complexity, Time, and Expense of Continued Litigation Supports Final Approval**

The second *Gascho* factor and Rule 23(e)(2)(C)(i) consider the relief provided by the Settlement when taking into account the risks, complexity, time, and expense of continued

litigation. *See Gascho*, 822 F.3d at 276–77. "Although this factor requires 'some evaluation of the merits of the dispute, the district court must refrain from reaching conclusions upon issues which have not been fully litigated.'" *IUE-CWA*, 238 F.R.D. at 595 (quoting *Berry v. School Dist. of City of Benton Harbor*, 184 F.R.D. 93, 98 (W.D. Mich. 1998) (additional citations omitted).

No matter how meritorious a plaintiff's claim may be, "there is no such thing as risk-free, expense-free litigation." *Id.* at 596. "Generally speaking, '[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them.'" *In re Telectronics*, 137 F. Supp. 2d at 1013 (quoting *In re Austrian & German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)). This case is no exception. Plaintiffs have asserted two counts in their Class Action Complaint for the violation of RESPA. Compl. ¶¶ 82–101. SPS has denied the allegations in the complaint and has asserted thirty-one affirmative defenses. (Dkt. 11). The issues are hotly contested and the outcome, which would take significant time and resources to reach, is uncertain.

Plaintiffs believe they would win if the case were litigated to a conclusion. Yet, there is no guarantee that Plaintiffs would be successful, or that such success after a lengthy litigation would beat what the Settlement achieves. If not for the Settlement, SPS would almost certainly defend the case vigorously. *See* SA, ¶ 3. The Settlement delivers a real and substantial remedy to Settlement Class Members without the risk or delay inherent in prosecuting Plaintiffs' claims against Defendant through summary judgment, class certification, trial, post-trial motions, judgment, and appeal.

Settlement Class Members will benefit by receiving immediate compensation under the Settlement, rather than undergoing years of burdensome and uncertain litigation. *See Gilbert v. Abercrombie & Fitch, Co.*, 2016 WL 4159682, at *9 (S.D. Ohio Aug. 5, 2016), *report and*

*recommendation adopted*, 2016 WL 4449709 (S.D. Ohio Aug. 24, 2016) ("In the absence of a settlement, continued litigation would span years, requiring fact discovery, expert discovery, formal class certification, and other motion practice, including post-trial motions and appeals; that litigation would be both extensive and costly….Consideration of this factor therefore weighs in favor of approving the *Stipulation and Settlement Agreement*."); *In re Austrian and German Bank*, 80 F. Supp. 2d at 174 ("Most class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them.").

Thus, this factor favors final approval of the Settlement.

**D.      The Amount of Discovery Supports the Settlement Agreement**

The third *Gascho* factor considers the amount of discovery engaged in by the parties. *See Gascho*, 822 F.3d at 276–77. Whether the parties engage in formal discovery practice, or whether the parties exchange informal discovery, courts have explained that "the pertinent inquiry is what facts and information have been provided." *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 967 (N.D. Ill. 2011).

Class Counsel were well-informed of the important facts and relevant legal issues when negotiating the Settlement. Class Counsel conducted an investigation into the facts and law and negotiated the Settlement against this backdrop. Accordingly, this factor also weighs in favor of approving the Agreement.

**E.      The Significant Benefits of the Settlement Warrant Final Approval**

The fourth *Gascho* factor is the likelihood of success on the merits weighed against the relief obtained by the settlement. *See Gascho*, 822 F.3d at 276–77. This factor also bears on Rule 23(e)(2)(C), which requires the Court to consider whether the settlement relief is adequate, taking

into account the costs, risks, and delay of trial and appeal, among other things. These factors also weigh in favor of approving the Settlement.

Generally, class action settlements are favored because "[e]xperience proves that, no matter how confident trial counsel may be, they cannot predict with 100% accuracy a jury's favorable verdict[.]" *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003). Therefore, settlements can still be fair, reasonable, adequate, and worthy of court approval when they do not provide the full relief that may be awarded at trial. *See Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("The fact that the plaintiff might have received more if the case had been fully litigated is no reason not to approve the settlement.").

Here, the Settlement provides significant monetary and non-monetary benefits. Factoring in the costs of the Settlement Administrator and Class Counsel's request for attorney's fees, costs, and service awards, the money payment to each Settlement Class Member who has not opted out is estimated to be about $870.

Rule 23(e)(2)(C)(ii) calls for consideration of the effectiveness of any proposed method of distributing relief to the class, including the processing of claims. Here, each Settlement Class Member will be sent a check without having to file a claim, waiting for claims to be processed and approved, or doing anything else for their check to be mailed. If the Settlement is approved, the check will be mailed to the last address SPS has on file for the Settlement Class Member. SA, ¶ 24. If checks are uncashed after six months, the checks will become void and the money will be paid to a charity approved by the Court. SA, ¶ 17. No amount of the Settlement Fund will return to SPS under any circumstances. These are significant benefits that strongly support final approval.

The Settlement also provides nonmonetary relief to Settlement Class Members in the form of prospective relief. SPS shall revise its policies and procedures to discontinue the practice of

sending Active Litigation Letters as the only response to borrowers who send a valid Qualified Written Request, Request for Information, or Notice of Error under RESPA to SPS's designated address. SA, ¶ 18.

While Plaintiffs are confident that they would prevail if forced to litigate the action to a judgment, the significant benefits of the Settlement achieve a favorable result when weighed against the uncertainty, delay, potential continued unlawful conduct of SPS as the litigation continues, and risks inherent in litigation.

**F.      Class Counsel and Class Representatives Support the Settlement**

The fifth *Gascho* factor considers the opinions of Class Counsel and the Class Representatives. *See Gascho*, 822 F.3d at 276–77. Courts repeatedly and explicitly defer to the judgment of experienced counsel who have conducted arm's-length negotiations in approving proposed class settlements. *See, e.g.*, *Blank v. Talley Industries, Inc.*, 64 F.R.D. 125, 132 (S.D.N.Y. 1974) (recognizing that a factor "entitled to substantial weight is that the settlement bears the imprimatur of seasoned and experienced counsel"); *Fisher Brothers v. Phelps Dodge Industries Inc.*, 604 F. Supp. 446, 452 (E.D. Pa. 1985) (finding "the professional judgment of counsel involved in the litigation is entitled to great weight"); *see also Gascho*, 822 F.3d at 277 (finding the fact that "Class counsel and representatives approved the settlement agreement" weighed in favor of granting final approval).

As fully set forth in the Declaration of Marc E. Dann, ¶¶ 1–9 (Dkt. 24), Class Counsel have extensive experience in consumer class actions and complex litigation in this area of law, and it is their opinion that the Settlement is fair, reasonable, and adequate. Class Counsel's opinion is supported by the amount of work that they spent investigating Plaintiffs' and Settlement Class Members' claims. After arm's-length negotiations, the Parties reached an agreement that Class

Counsel believes to be an excellent outcome for Settlement Class Members. This factor supports final approval.

## G. The Reaction of Settlement Class Members Supports Final Approval

The sixth *Gascho* factor is the reaction of absent class members. *Gascho*, 822 F.3d at 276–77. **No Settlement Class Member objected to the Settlement**. *See* Merryman Decl. ¶ 9. Only four Settlement Class Members opted out. *Id*. These Settlement Class Members might have opted out for a number of reasons unrelated to their assessment of the fairness of the Settlement to the Settlement Class as a whole. In addition, SPS provided CAFA notice to the relevant governmental authorities, and they did not object either. The absence of any objections and small number of opt outs support the fairness and reasonableness of the Settlement.

The Court can infer from this response that absent Settlement Class Members approve of the Settlement. *See Coulter-Owens v. Rodale, Inc.*, 14-12688, 2016 WL 5476490, at *4 (E.D. Mich. Sept. 29, 2016) ("Absent class members have not given this court any reason to question the fairness of this settlement. None have lodged any objections with this court, and at the time of the motion's filing, only three had requested exclusion from the class.").

## H. The Public Interest Supports Final Approval

The seventh *Gascho* factor for the Court's consideration is the public interest. *See Gascho*, 822 F.3d at 276–77. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD*, 218 F.R.D. at 530; *see also Gascho*, 822 F.3d at 277 ("The public interest favored settlement because it provided an immediate cash payout to class members for their compensable injuries in an amount the court found to be fair, reasonable, and adequate, and because settlement would conserve judicial resources."); *Hainey v.*

*Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007) ("Public policy generally favors settlement of class action lawsuits.").

This case is no exception, and the Settlement benefits the public interest. The Settlement provides significant monetary benefits to Settlement Class Members without the risks or burdens of continued litigation, and it conserves the resources of the Parties' and the Court. Other members of the public also stand to benefit from the Settlement's non-monetary relief. Additionally, there is a public interest for compensating Settlement Class Members for harms resulting from Defendant's alleged conduct.

## I.    The Terms and Timing of the Proposed Award of Attorney's Fees Support Final Approval

Given the considerable benefits Class Counsel achieved in the Settlement and the expeditious resolution of this potentially lengthy complex class action, Class Counsel's requested attorney's fee is more than justified and appropriate. This is evidenced by the fact that the Court has granted the motion for attorney's fees, costs, and incentive awards already. Dkt. 28.

The effectiveness of the Settlement is independent from the attorney's fees awarded by the Court. The Settlement provides that, in the event that the Court approves a Class Representative Award or a Class Counsel Attorneys' Fees and Costs award less than the amounts applied for, then the difference will be added to the Class Settlement Fund for distribution to the Settlement Class Members, and all other terms of this Agreement shall remain in effect. SA, ¶ 16.

The proceeds of the Class Settlement Fund from which the administration costs, attorney's fees and costs, service awards, and Class payments will be paid within 21 days after the Settlement Fund is paid to the Settlement Administrator. SA, ¶ 23. The Settlement has no claims process and checks will be sent to addresses for every Settlement Class Member around the same time that fees are paid.

**J.      There Are No Agreements Required to Be Identified Under Rule 23(e)(3)**

Rule 23(e)(3) requires that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." No other agreements except the Settlement are required to be identified under Rule 23(e)(3).

**K.      The Settlement Treats Settlement Class Members Equitably Relative to Each Other**

The Settlement treats all Settlement Class Members alike. Each Settlement Class Member will get the same $870 check sent to their last known address located with reasonable effort. The Settlement Administrator will send checks without needing to process claims. Each Settlement Class Member was sent the same notice and will provide the same release if the Settlement is approved. SA, ¶¶ 24–26.

**C<small>ONCLUSION</small>**

For the reasons set forth above, Plaintiffs, individually and as representatives of the Settlement Class, request that the Court grant final approval of the Settlement, and for any other relief that the Court deems just under the circumstances. A proposed final approval order is attached hereto as Exhibit C.

Date: December 1, 2021                     By: */s/ Thomas A. Zimmerman, Jr.*
                                              Thomas A. Zimmerman, Jr. (pro hac vice)
                                              (*Illinois Bar No. 6231944*)
                                              *tom@attorneyzim.com*
                                              Z<small>IMMERMAN</small> L<small>AW</small> O<small>FFICES</small>, P.C.
                                              77 W. Washington Street, Suite 1220
                                              Chicago, Illinois 60602
                                              (312) 440-0020 telephone
                                              (312) 440-4180 facsimile
                                              www.attorneyzim.com

                                              Marc E. Dann (0039425)
                                              Daniel M. Solar (0085632)
                                              Brian D. Flick (0081605)

DANN LAW
15000 Madison Avenue
Lakewood, Ohio 44107
(216) 373-0539 telephone
(216) 373-0536 facsimile
*notices@dannlaw.com*

*Counsel for Plaintiffs*
*and the Settlement Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| George G. Koustis, et al., | Case No. 1:20-cv-02425-DAP |
| Plaintiffs, | Judge Dan Aaron Polster |
| v. | **SETTLEMENT AGREEMENT** |
| Select Portfolio Servicing, Inc., | |
| Defendant. | |

This Settlement Agreement ("Agreement") is made and entered into as of June 28, 2021 between: (i) plaintiffs, George G. Koustis and Ronald J. Collins ("Plaintiffs"), on behalf of themselves and a class defined herein; and (ii) defendant Select Portfolio Servicing, Inc. ("Defendant" or "SPS"). Plaintiffs and SPS are the "Parties." All capitalized terms shall be as defined herein.

## RECITALS

1. This lawsuit was filed on October 26, 2020 in the United States District Court for the Northern District of Ohio, and captioned *Koustis et al. v. Select Portfolio Servicing, Inc.*, Case No. 1:20-cv-02425-DAP (the "Litigation"). The Litigation alleges that SPS violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"). On January 8, 2021, SPS filed an Answer denying the allegations, denying liability, and asserting various affirmative defenses.

2. As a result of arm's-length negotiations between the Parties' respective counsel, and after conducting an investigation into the facts and law, the Parties agreed on the terms and conditions of this Agreement.

3. SPS has asserted or would assert numerous defenses to the claims and allegations in the Litigation. SPS denies the material allegations in the Litigation, denies any wrongdoing and any

ACTIVE/110033392.3
**EXHIBIT A**

liability to Plaintiffs or any putative Settlement Class Member (defined as a member of the Settlement Class), in any amount, in connection with the claims asserted in the Litigation, denies that this Litigation could be maintained as a class action through trial and appeal, and contends that it would prevail in the Litigation.

4.      Nevertheless, SPS desires to settle the claims to avoid the additional expense, burden, and uncertainty of further litigation, and to put to rest all claims which have or could have been asserted by Plaintiffs or the Settlement Class against SPS in the Litigation, and all other claims that are within the scope of the Releases set forth in Paragraph 26 and 27.  By entering this Agreement, SPS does not admit any wrongdoing or that any class could be certified in the Litigation (other than for settlement purposes).  Consistent with this, the Parties understand and agree that this Agreement is not (and shall not) constitute an admission of liability by SPS or any admission by SPS that class treatment is or would be appropriate in this or any other matter.

5.      Plaintiffs, individually and on behalf of the Settlement Class, desire to settle their claims against SPS, having consulted with Plaintiffs' counsel and taken into account the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this Settlement and the likelihood that the Litigation will be further protracted and expensive.

6.      Plaintiffs' counsel conducted an extensive investigation of the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiffs' counsel consider it to be in the best interest of the Settlement Class to enter into this Agreement.

7.      In consideration of the foregoing and other valuable consideration, the Parties, through their counsel, agree, subject to the Court's approval, to settle the claims of the Plaintiffs and the Settlement Class on the following terms and conditions:

ACTIVE/110033392.3

## **TERMS**

8.     **Final Approval Date.** The Final Approval Date means the last date on which all of the following have occurred: (1) the Court enters an order approving the Settlement in a manner substantially consistent with the terms and intent of this Agreement ("Final Approval Order"); (2) the Court enters the Final Approval Order approving this Agreement as fair, reasonable, and adequate to the Settlement Class, and dismissing with prejudice all claims alleged by Plaintiffs and the Settlement Class in the Litigation; (3)(a) if the Final Approval Order is not appealed, the expiration of five (5) days from the date that the Final Approval Order becomes a final, non-appealable order; or (b) if the Final Approval Order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms, or does not alter in a manner that is substantially inconsistent with the Final Approval Order, the Court's Final Approval Order and orders the consummation of the Settlement substantially in accordance with the terms and provisions of this Agreement, provided that any change or modification that may increase SPS's liability or reduce the scope of the Release or of the Settlement Class shall be considered as preventing the occurrence of Final Approval; and (4) no Party with a right to do so has terminated the Agreement.

9.     **Class Counsel.** Class Counsel means the following counsel for the Plaintiffs and the Settlement Class:

> Marc E. Dann
> Brian D. Flick
> Daniel M. Solar
> DannLaw
> P.O. Box 6031040
> Cleveland, OH 44103
>
> Thomas A. Zimmerman, Jr.
> Matthew C. De Re
> Zimmerman Law Offices, P.C.
> 77 West Washington Street, Ste. 1220
> Chicago, IL 60602

ACTIVE/110033392.3

10. **<u>Defense Counsel</u>.**  Defense Counsel means the following counsel for SPS:

David S. Kantrowitz
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

Alyssa A. Sussman
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

11. **<u>Settlement Class</u>**. For the purposes of settlement, the Settlement Class shall be defined as:

> All mortgage loan borrowers in the United States (1) who submitted an inquiry, dispute, or request for information in writing to SPS's designated address for Notices of Error, Requests for Information, or Qualified Written Requests, and (2) to whom SPS sent an Active Litigation Letter, without more, from October 26, 2017 to October 26, 2020.

12. **<u>Settlement Amount</u>.** Plaintiffs shall propose, subject to the Court's approval, a "Total Class Settlement Amount" of One Hundred Five Thousand Dollars ($105,000.00), consisting of the Class Settlement Fund (*i.e.,* the amount of money available for distribution to Settlement Class Members), the Class Representative Awards, Class Counsel's Attorneys' Fees and Costs, and Settlement Administration Costs (consisting of Class Notice and settlement administration).

13. SPS's maximum potential liability under the Settlement shall be One Hundred Five Thousand Dollars ($105,000.00).

14. SPS will not object to Plaintiffs' requests for the Class Representative Awards or Class Counsel's Attorneys' Fees and Costs to be paid from the Total Class Settlement Amount, provided the requests are in accordance with the terms of this Agreement.  SPS's agreement not to make a written or oral opposition shall not be construed as an admission, agreement, or concession by SPS that the requests for the Class Representative Awards or Class Counsel's Attorneys' Fees and

-4-

Costs are reasonable and/or appropriate.  The Parties agree that the Court (and only the Court) shall determine the amount, if any, of the Class Representative Awards and Class Counsel's Attorneys' Fees and Costs.

15.    Upon SPS's payment of the attorneys' fees and costs in the amount awarded by the Court to Class Counsel, SPS shall have no further obligation with respect to Class Counsel's attorneys' fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiffs or any Settlement Class Member in connection with this Settlement or Litigation. In the event that a lawyer, law firm, or other person or entity, other than Class Counsel, seeks an award of attorneys' fees, costs, expenses or other sums in connection with this Settlement or Litigation, such appearance or attempt to obtain any award, or the Court's action thereon, shall in no way increase SPS's maximum liability under this Settlement.

16.    In the event that the Court approves a Class Representative Award or a Class Counsel Attorneys' Fees and Costs award less than the amounts that Plaintiffs applied for, then the difference will be added to the Class Settlement Fund for distribution to the Settlement Class Members, and all other terms of this Agreement shall remain in effect.

17.    Settlement checks shall be void if not cashed within six (6) months of issuance. The amount of any checks to Settlement Class Members that have not been cashed by the void date shall be paid to a charity(ies) agreed to by the Parties and approved by the Court.

18.    **Prospective Relief**.  SPS shall revise its policies and procedures to discontinue the practice of sending Active Litigation Letters as the only response to borrowers who send a valid Qualified Written Request, Request for Information, or Notice of Error under RESPA to SPS's designated address; *provided however*, SPS shall have thirty (30) days after the Final Approval Date within which to implement the Prospective Relief agreed to under this section.  Nothing in this section is an admission either about SPS's current or past practices, or an admission that the terms are

-5-

mandated by law or other requirement.  The Prospective Relief agreed to under this section shall not operate as an injunction or otherwise provide any government official or agency, or any other person or entity, with any right or power to seek direct enforcement of its terms, except any Party or Settlement Class Member may seek relief from the Court as a breach of the Settlement Agreement after notifying SPS in writing of the alleged breach and affording SPS sixty (60) days after the giving of such notice to take corrective action.

19.    **Exclusions and Objections**.  Settlement Class Members shall have forty-five (45) days after mailing of the notice of the proposed Settlement to exclude themselves from, object to, or file any other submissions concerning the proposed Settlement ("Opt-Out and Objection Period").

20.    Any Settlement Class Member may seek to be excluded from the Settlement by opting out within the time period set by this Court ("Opt-Out"). Any Settlement Class Members desiring to exclude themselves from the Settlement must serve copies of the request to the Settlement Administrator by the date set by the Court. Any Settlement Class Member who opts out of the Settlement Class and the Agreement shall not be bound by the Release, any prior court order, or the terms of the Agreement.

21.    Any Settlement Class Member who does not opt-out or exclude themselves from the Settlement may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on Class Counsel and SPS's counsel at the addresses set forth in Paragraphs 9 and 10 of this Agreement within the time period set by the Court.  Any "Objection" must: (a) set forth the Settlement Class Member's full name, current address, and telephone number; (b) contain the address of the property for which a letter was sent bringing the Settlement Class Member within the scope of the Settlement Class; (c) state that the Settlement Class Member objects to the Settlement, in whole or in part; and (d) include a statement of the reason why the objector believes that the Court should find that the Agreement is not in the best interests of the Settlement

Class or is otherwise not fair, reasonable, or adequate. Any Settlement Class Member who objects to the Agreement may appear at the Final Approval Hearing and, subject to Court approval, be heard on the fairness of the Settlement.

22.　**Payment of Settlement Funds**.  Within fourteen (14) days after the Court enters a Preliminary Approval Order, SPS shall advance to the Settlement Administrator Five Thousand Dollars ($5,000.00) for Settlement Administration Costs (including Class Notice).  This amount shall be deducted from the Total Class Settlement Amount.  Any Settlement Administration Costs that exceed $5,000.00 shall be deducted from the Class Settlement Fund prior to distribution to Settlement Class Members.  If Settlement Administration Costs are less than $5,000.00, then the difference will be added to the Class Settlement Fund for distribution to the Settlement Class Members.  Other than the advance for Settlement Administration Costs (including the costs of Class Notice), SPS shall have no obligation to create the Total Class Settlement Fund, or pay any portion thereof, until Final Approval, and no person, entity, or Settlement Class Member shall have any claim to, entitlement to, or rights in the Total Class Settlement Fund or any portion thereof other than as set forth in this Agreement.

23.　Within ten (10) business days after the Final Approval Date, SPS shall pay to the Settlement Administrator One Hundred Thousand Dollars ($100,000.00), representing the Total Class Settlement Amount less the advance for Settlement Administration Costs, and within twenty-one (21) days after receiving this final payment from SPS, the Settlement Administrator shall distribute all Class Representative Awards, Class Counsel's Attorneys' Fees and Costs, and payments to Settlement Class Members.

24.　After deductions for the Class Representative Awards, if any, Class Counsel's Attorneys' Fees and Costs, if any, and Settlement Administration Costs, the remainder of the Total

Class Settlement Amount shall be distributed equally to Settlement Class Members who are not Successful Opt-Outs.

25.     The Settlement Administrator shall not be permitted to distribute more than one check to co-borrowers who are entitled to relief under this Agreement on account of the same loan, but, in such cases, shall distribute only one check payable jointly to all such Settlement Class Members on a loan.  Plaintiffs, Class Counsel, Defendant, Counsel for Defendant, and the Settlement Administrator shall have no liability to any co-obligor arising from any claim regarding the division of the benefits or negotiation of a check among co-borrowers.

26.     **Release.**  Upon the Final Approval Date, and in consideration of the promises and covenants set forth in this Agreement, Plaintiffs George G. Koustis and Ronald J. Collins, each Settlement Class Member who is not a Successful Opt-Out, and each and every one of their respective spouses, children, executors, agents, representatives, guardians, wards, attorneys, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents and assigns, and all persons who assert claims (or could assert claims) on their behalf or who are acting on their behalf or for their benefit (in their capacities as such) (collectively "Releasors"), hereby release and forever discharge SPS and its past, present, and future directors, officers (whether acting in such capacity or individually), trustees, owners, joint venturers, members, employers, employees, partners, principals, agents, shareholders, attorneys, accountants, auditors, insurers, advisors, personal and legal representatives, assigns and assignees, predecessors, successors, parents, subsidiaries, divisions, departments, associates, related or affiliated entities, clients, including without limitation, express or implied, any persons or entities for whom SPS collects debts, or any agent, independent contractor, attorney, person or entity acting or purporting to act for SPS or on its behalf or on behalf of any other Released Party (collectively, "Released Parties"), from all causes of action, suits, claims, damages, agreements, liabilities, obligations, and demands, in law or in equity, of any kind whatsoever, known

ACTIVE/110033392.3

or unknown, direct or consequential, which Releasors now have or ever had against the Released Parties relative to any claims that were made or that could have been made in this Litigation that arise out of or in any way concern the allegations in the Litigation or the underlying facts and circumstances, including without limitation, SPS's sending of Active Litigation Letters and any and all claims for violation of the RESPA or any state statute similar in purpose to the RESPA arising out of or that in any way concern SPS's sending of Active Litigation Letters (collectively, "Claims"). The Releasors covenant not to sue, institute, cause to be instituted, permit to be instituted on their behalf, or assist instituting or prosecuting any proceedings, or otherwise assert any Claims against any Released Party that are within the scope of this Paragraph 26.  It is expressly agreed that the definition of Released Parties shall be construed to include any and all note owners, trustees, trusts, and any other entities that have any legal or equitable interest in the debts or loans that Plaintiffs or any Settlement Class Member incurred or obtained bringing him, her, or them within the scope of this Agreement, including without limitation the debt George G. Koustis and Kelly A. Koustis incurred or obtained on June 15, 1998, secured by the property at 11379 Woodiebrook Drive, Munson Township, Ohio 44024, and the debt Ronald Collins and Viola Parker incurred or obtained on May 15, 2007, secured by the property at 35 Saint George Place, West Palm Beach, Florida 33418, or in the security or mortgage lien in connection with the debt or loan.

27.     Upon the Final Approval Date, the Releasors each will also waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to the paragraphs above.  Section 1542 of the California Civil Code reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and

that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Whether a beneficiary of California law or otherwise, Plaintiffs and each of the Releasors agree and acknowledge that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of the paragraphs above, but each of those individuals expressly agree that, upon entry of the final judgment, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to Paragraph 26 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

28.     **Notice.** Within thirty (30) days following entry of the Preliminary Approval Order, the Settlement Administrator shall cause notice in the form of Exhibit 1 (the "Class Notice") to be sent to Settlement Class Members using SPS's last known addresses of the Settlement Class Members. The Settlement Administrator shall distribute the Class Notice via any form of U.S. Mail providing address forwarding.  Each Class Notice shall be sent with a request for forwarding address. In the event that a Class Notice is returned as undeliverable and a forwarding address is provided, the Settlement Administrator shall cause to be forwarded any such returned Class Notice to the address provided within a reasonable time.  For any notices returned as undeliverable with no forwarding address provided, the Settlement Administrator shall use the National Change of Address database ("NCOA") in an attempt to obtain better addresses for such returned Class Notices, and should the NCOA show a more current address, the Settlement Administrator shall post the returned Class Notice to the more current address within a reasonable time.

29.     The Class Notice shall inform each Settlement Class Member of his, her, or their right to request exclusion from the Settlement Class and not to be bound by this Agreement, if, within the

-10-

Opt-Out and Objection Period, the Settlement Class Member validly completes and mails an Opt-Out to the Settlement Administrator at the address set forth in the Class Notice.  For a Settlement Class Member's Opt-Out to be valid and treated as a "Successful Opt-Out," it must: (a) set forth the Settlement Class Member's full name, current address, and telephone number; (b) contain the address of the property for which a letter was sent bringing the Settlement Class Member within the scope of the Settlement Class; (c) contain the Settlement Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a power of attorney, to act on behalf of the Settlement Class Member with respect to a claim or right such as those in the Litigation (*i.e.,* conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) unequivocally state the Settlement Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement.  Statements generally objecting to the Settlement or to specific terms of the Settlement but which do not clearly express an intent to opt out as set forth above are not valid Opt-Outs.  In those cases where a Settlement Class Member includes persons who were co-obligors, co-borrowers, or co-applicants on the same loan, the Settlement Class Member shall be deemed a Successful Opt-Out as to that loan only if all obligors or co-applicants elect to opt out.  In the event a Settlement Class Member is a Settlement Class Member as to more than one loan, the Opt-Out may specify that the Settlement Class Member is opting out as to fewer than all loans made to that Settlement Class Member by expressly stating so in the Opt-Out and specifically identifying the loans as to which the Settlement Class Member is opting out.  In the absence of such specification, the Opt-Out shall be construed as a request to opt-out as to all of the Settlement Class Member's loans.  No person shall purport to exercise any exclusion rights of any other person, or purport to opt-out Settlement Class Members as a group, aggregate, or class involving more than one Settlement Class Member, or opt-out more than one

-11-

Settlement Class Member on a single paper, or as an agent or representative; any such purported Opt-Outs shall be void, and the Settlement Class Member(s) that is or are the subject of such purported Opt-Out shall be treated as a Settlement Class Member.  Opt-Outs for a Settlement Class Member may, however, be prepared and mailed by counsel for that Settlement Class Member, subject to the other limitations of this paragraph.  At the expiration of the Opt-Out Period, the Settlement Administrator shall create a list of Successful Opt-Outs.  The Parties shall, if possible, agree as to whether a communication from a Settlement Class Member is a request to Opt-Out.

30.    The Class Notice also shall inform each Settlement Class Member that any Settlement Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must, before the end of the Opt-Out and Objection Period, serve a written Objection upon Class Counsel and Counsel for the Defendant, at the addresses set forth in the Class Notice, and file the Objection simultaneously with the Court.  Each Objection must (a) set forth the Settlement Class Member's full name, current address, and telephone number; (b) contain the address of the property for which a letter was sent bringing the Settlement Class Member within the scope of the Settlement Class; (c) contain the Settlement Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a power of attorney, to act on behalf of the Settlement Class Member with respect to a claim or right such as those in the Litigation (*i.e.,* conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) contain a statement of the legal and factual basis for the Objection, and provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her/their position.  Any Settlement Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Class Notice, or as otherwise ordered by the Court, shall not be treated as having filed a valid Objection to the Settlement.

31.    SPS shall provide notice of this proposed class Settlement to the appropriate state and

-12-

federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA"), and file proof of same with the Court.  The Parties agree that SPS is permitted to provide such notice as required by law and that any notice by SPS shall be prepared to effectuate the Settlement and shall not be considered a breach of this Agreement or any other agreement of the Parties.

32.     **Preliminary Approval.** As soon as practicable after execution of this Agreement, Plaintiffs, through Class Counsel, shall make application to the Court for entry of the Preliminary Approval Order, which order shall be substantially in the form of Exhibit 2 hereto, and which:

(a)     Preliminarily approves this Agreement;

(b)     Provisionally certifies the Settlement Class defined in Paragraph 11 for settlement purposes only;

(c)     Conditionally appoints Marc Dann and Tom Zimmerman as Class Counsel;

(d)     Conditionally appoints Plaintiffs, George G. Koustis and Ronald J. Collins, as the representatives of the Settlement Class;

(e)     Sets deadlines for Settlement Class Members to opt-out, object, or make other submissions concerning the Settlement;

(f)     Schedules a hearing for final approval of this Agreement which is to occur no fewer than one hundred (100) days from the date the motion for preliminary approval of the Settlement is filed with the court ("Final Approval Hearing");

(g)     Approves notice to the Settlement Class, substantially in the form of Exhibit 1 hereto, to be directed to the last known address of the Settlement Class Members as shown in SPS's business records;

(h)     Finds that mailing of the Class Notice and the other notice provisions in Paragraph 28 are reasonable and appropriate, are the only notice required to the Settlement Class, and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

33.     Plaintiffs shall propose, subject to the Court's approval, the form of Class Notice attached hereto as Exhibit 1 and the form of Preliminary Approval Order attached hereto as Exhibit 2.  The fact that the Court may require non-substantive changes in the proposed Class Notice or Preliminary Approval Order does not invalidate this Agreement.  SPS agrees not to oppose the form

-13-

of Class Notice, provided it is substantially in the form of <u>Exhibit 1</u> hereto.  SPS agrees not to oppose

entry of the Preliminary Approval Order, provided it is substantially in the form of <u>Exhibit 2</u> hereto.

Without implication of limitation, SPS's agreement not to oppose the form of Class Notice and entry

of the Preliminary Approval Order shall not be an admission or concession by SPS that the

certification of a class was appropriate in the Litigation in the absence of a settlement or would be

appropriate in any other matter, and/or that any relief was appropriate in the Litigation in the absence

of a settlement.

34.     **Final Approval.** At the time appointed by the Court, Plaintiffs and Class Counsel

shall move the Court for entry of a Final Approval Order:

(a)     Finally approving the terms of this Agreement as fair, reasonable, and adequate;

(b)     Providing for the implementation of the Agreement's terms and provisions;

(c)     Finally certifying the Settlement Class for purposes of settlement only;

(d)     Finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

(e)     Finding that all requirements of statute, rule, and state and federal Constitutions necessary to effectuate this Settlement have been met and satisfied;

(f)     Entering final judgment of dismissal on the merits with prejudice and without costs in the Litigation; and

(g)     Retaining exclusive jurisdiction to enforce the terms and provisions of this Agreement.

Plaintiffs shall propose, subject to the Court's approval, the form of final approval order

attached hereto as <u>Exhibit 3</u>.  SPS agrees not to oppose the entry of the Final Approval Order,

provided it is substantially in compliance with the terms of this Agreement and the form of <u>Exhibit</u>

<u>3</u>. Without implication of limitation, SPS's agreement not to oppose the entry of the Final Approval

Order shall not be an admission or concession by SPS that a class was appropriate in the Litigation

-14-

in the absence of the Settlement or would be appropriate in any other matter, and/or that any relief was appropriate in the Litigation in the absence of the Settlement or would be appropriate in any other matter.  Any required non-substantive changes to the Final Approval Order do not invalidate this Agreement.

35.     Any Settlement Class Member who is not a Successful Opt-Out and who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Litigation, take all other actions or make any additional filings as may be required in the Class Notice or as otherwise ordered by the Court, and serve the Notice of Appearance and other papers upon Class Counsel and Counsel for the Defendant within the time set by the Court.  No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in an Objection or other paper, but failed to do so unless the Court otherwise directs.  Any Settlement Class Member who fails to comply with this Agreement, the Class Notice, and any other order of the Court shall be barred from appearing at the Final Approval Hearing unless the Court otherwise directs.

36.     Not earlier than seven (7) days before the end of the Opt-Out and Objection Period, Class Counsel may make written application to the Court for: (i) a Class Counsel Attorneys' Fees and Costs Award of up to $40,000, plus litigation costs and expenses; and (ii) Class Representative Awards of up to $1,000 each to George G. Koustis and Ronald J. Collins.  Defendant shall not object to Class Counsel's requests for Class Counsel Attorneys' Fees and Costs Award and Class Representative Awards, to be paid from the Total Class Settlement Amount, up to these amounts. To the extent approved, the Class Counsel Attorneys' Fees and Costs Award and the Class Representative Awards shall be paid exclusively from, and not in addition to, the Total Class Settlement Amount.

37.     **Miscellaneous Provisions.** Plaintiffs and Class Counsel agree to seek approval of this

-15-

Agreement and to use their best efforts to effect the consummation of this Agreement and the Settlement provided for herein. Whether or not this Agreement is consummated, it shall in no event be construed as, or be deemed to be, evidence of an admission on the part of SPS of any liability in whole or in part to the Settlement Class, or that certification of a class was appropriate in the Litigation.

38.     The Settlement Administrator's and Defendant's respective obligations with respect to the distribution of the Class Settlement Fund, the Class Representative Awards, and Class Counsel Attorneys' Fees and Costs shall be performed reasonably and in good faith.  So long as they do so, the Defendant and the Settlement Administrator shall not be liable for erroneous, improper, or inaccurate distribution, and the Release and any judgment shall be effective as of the Final Approval Date as to Plaintiffs, Class Counsel, and every Settlement Class Member (excepting those who are Successful Opt-Outs) notwithstanding any such error and regardless of whether such error is corrected.

39.     Class Counsel represents and warrants that they will not actively seek out or solicit former or current borrowers with residential mortgage loans made and/or serviced by SPS to pursue individual or class claims against SPS with respect to matters within the scope of the Release.

40.     All monies that might in the future be paid to any Settlement Class Member, Class Counsel, or Plaintiffs, are not vested, or otherwise monies in which the Settlement Class Member, Class Counsel, or Plaintiffs have an enforceable legal, tangible, or intangible interest, and instead shall remain the sole and exclusive property of SPS unless and until all conditions precedent to payment under this Agreement are met, the monies are paid, and, in the case of a Settlement Class Member, the checks are timely negotiated.  In particular and without limitation, any monies transferred to a settlement fund or funds are solely for administrative purposes and shall not be construed as a surrender by SPS of such moneys unless and until such moneys are paid out when a

-16-

check is negotiated, the Class Counsel Attorneys' Fees and Costs, if any, are paid, and the Class Representative Awards, if any, are paid.  Further, in order to give effect to the Parties' intention, and to the maximum extent permitted by law, no person, entity, or governmental body shall have any rights to checks that are not timely negotiated, to any sum that would have been paid if checks had been timely negotiated, or to any portion of the checks whether claimed, unclaimed, negotiated, or not negotiated, and/or in any sums which might have been paid to Settlement Class Members.

41.     Plaintiffs and Class Counsel represent and warrant that, following the Final Approval Date, they will comply with the terms of any Protective Order agreed to by the Parties and/or entered by the Court in the Litigation relating to the return or destruction of all documents and other materials designated as Confidential by Defendant.  Plaintiffs and Class Counsel further represent and warrant that they will not use or seek to use the documents and other materials obtained in the Litigation in this Litigation or in any other claim, action or litigation against any Released Parties (excepting only actions to enforce or construe this Agreement).

42.     This Agreement shall be terminable at the option of the Defendant (a) in the event the Court fails to enter the Preliminary Approval Order or Final Approval Order, as described above, or does so in a form materially different from the forms contemplated by this Agreement; or (b) if the total number of Successful Opt-Outs exceeds twenty-five (25) Settlement Class Members (collectively, "Termination Options").  In the event a Termination Option arises, Defendant shall exercise the option within fourteen (14) calendar days after the events giving rise to the termination right.  The Agreement also shall be terminable upon the mutual agreement of the Plaintiffs and the Defendant.

43.     Plaintiffs, Class Counsel, Defendant, and Counsel for Defendant shall not issue, or otherwise cause to be issued, any press release, advertisement, or Internet posting which disparages any of Plaintiffs, Class Counsel, Defendant, or Counsel for Defendant with respect to any matters or

ACTIVE/110033392.3

issues alleged or asserted in the Litigation or relating to this Settlement.

44.     The Parties agree that nothing in this Agreement shall be construed to prohibit communications between Defendant and the Released Parties, on the one hand, and Settlement Class Members, on the other hand, in the regular course of Defendant's and the Released Parties' businesses.

45.     No representations or advice regarding the tax consequences of this Agreement have been made by any Party.  The Parties further understand and agree that each Party, each Settlement Class Member, and each of Class Counsel shall be responsible for his, her, its, or their own taxes, if any, resulting from this Agreement and any payments made pursuant to this Agreement.

46.     The Parties agree that any Settlement Class Member who is in active bankruptcy proceedings or previously was a party to bankruptcy proceedings during the Class Period (*i.e.*, from October 26, 2017 to October 26, 2020) may only participate in the Settlement subject to applicable bankruptcy law and procedures.  The Parties are under no obligation to notify any bankruptcy court that has, had, or may have jurisdiction over such Settlement Class Member's bankruptcy proceedings or any trustee or examiner appointed in such Settlement Class Member's bankruptcy proceedings of this Agreement or the benefits conferred by the Agreement and the Settlement.

47.     Under no circumstances shall the Settlement or Agreement or the Release be deemed to alter, amend, or change the terms and conditions of any mortgage to which any Settlement Class Member is or was a party, or to provide a defense to any such loan, including but not limited to a defense based on the so-called "one action" rule, nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case, in any foreclosure proceeding, or in any other action involving a Settlement Class Member hereto.

48.     Plaintiffs and Defendant acknowledge that they have been represented and advised by independent legal counsel throughout the negotiations that have culminated in the execution of this

Agreement, and that they have voluntarily executed the Agreement with the consent of and on the advice of counsel.  The Parties have negotiated and reviewed fully the terms of this Agreement.

49.     This Agreement is entered into only for purposes of settlement. In the event that this Agreement and this Settlement (i) do not receive Final Approval in accordance with the terms of this Agreement, (ii) are terminated, (iii) are canceled, or (iv) fail to become effective for any reason, this Agreement shall become null and void.   In that event, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose. In addition, in that event, the status of the Litigation shall revert to the state it was in prior to the Agreement, the pleadings shall revert to that date, and the agreements contained herein shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of class certification in the absence of the Settlement, and the Parties shall have all rights, claims, and defenses that they had or were asserting prior to entering into this Agreement or any predecessor agreement.  In addition, in that event, the Total Class Settlement Amount (including any accrued interest), less any Settlement Administration Costs incurred, shall be refunded to SPS.

50.     Notices of exclusion requests and objections related to this Agreement shall be sent to:

Notices to Class Counsel shall be sent to:

> Thomas A. Zimmerman, Jr.
> Zimmerman Law Offices, P.C.
> 77 West Washington Street, Ste. 1220
> Chicago, IL 60602
>
> Marc E. Dann
> DannLaw
> P.O. Box 6031040
> Cleveland, OH 44103

-19-

Notices to the Settlement Administrator shall be sent to:

> Class-settlement.com
> 20 Max Avenue
> Hicksville, New York 11802-9009
> (or such other address as the Settlement Administrator may designate)

Notices to SPS shall be sent to:

> David S. Kantrowitz
> Goodwin Procter LLP
> 100 Northern Avenue
> Boston, MA 02210
>
> Alyssa A. Sussman
> Goodwin Procter LLP
> The New York Times Building
> 620 Eighth Avenue
> New York, NY 10018

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

51.     The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

52.     This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Agreement may be treated as originals.

53.     Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiffs, the Settlement Class (other than those who successfully exclude themselves), and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

54.     This Agreement shall be governed by and interpreted in accordance with the laws of the state of Ohio.

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

ACTIVE/110033392.3

**PLAINTIFF:**

_____

George G. Koustis

Dated: 06 / 28 / 2021

Doc ID: 9603e403bc0a54ab197d4d269fcfbf2959d3e156

**PLAINTIFF:**

*ronald collins*
_____
Ronald J. Collins

Dated:  06 / 28 / 2021

Doc ID: 8b9282fa6283b3cfe049f6379a09488f16916c3b

**DANNLAW**
**Attorneys for Plaintiffs**

By: _____

         Marc Dann

Dated: 6-28-21

ZIMMERMAN LAW OFFICES, P.C.
**Attorneys for Plaintiffs**

By: _____
       Thomas A. Zimmerman, Jr.

Dated:   6-28-2021

**Defendant:**

**SELECT PORTFOLIO SERVICING, INC.**

By: _____

Name: Cameron L. Ward

Title: General Counsel

Dated: June 20, 2021

**GOODWIN PROCTER LLP**
**Attorneys for Defendant**


By: _Alyssa Sussman_
Alyssa Sussman

Dated:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

The case is *Koustis et al. v. Select Portfolio Servicing, Inc.*
Case No. 1:20-cv-02425-DAP

## If you received a letter response from Select Portfolio Servicing, Inc. ("SPS") between October 26, 2017 and October 26, 2020 stating that because your loan was involved in litigation, SPS would refrain from providing a detailed response to your inquiry at that time, you could receive a payment from a class action settlement.

*A Federal court authorized this notice.*
*This is <u>not</u> a solicitation from a lawyer.*

- A proposed Settlement has been reached in a class action lawsuit concerning responses that SPS sent to letters from borrowers whose loans were involved in litigation between October 26, 2017 and October 26, 2020.

- You are receiving this Notice because SPS's records indicate that SPS may have sent you a letter response between October 26, 2017 and October 26, 2020 stating that SPS would refrain from providing a detailed response to your inquiry at that time because your loan was involved in litigation.

- Your legal rights will be affected whether you act or do not act.  Therefore you should read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **DO NOTHING** | By doing nothing, you will remain in the Settlement Class and will receive a Settlement payment.  However, you will give up your rights to be part of any other lawsuit or legal proceeding about the claims made in this case and released by the Settlement. |

**EXHIBIT 1**

| | |
|---|---|
| **EXCLUDE YOURSELF BY _____, 2021** | If you exclude yourself from the Settlement Class, you will not be bound by the Release, and you will not receive a Settlement payment.  This is the only option that allows you to be part of any other lawsuit or legal proceeding about the claims made in this case and released by the Settlement.  If you exclude yourself from the Settlement, you will not be able to object to the Settlement. |
| **OBJECT BY _____, 2021** | Write to the Court about why you don't like the Settlement.  You can only object to the Settlement if you have not excluded yourself from the Settlement Class.  You may also appear at the Fairness Hearing on _____, 2021. |
| **GO TO A HEARING ON _____, 2021** | Ask to speak in Court about the fairness of the Settlement.  If you submit a written objection to the Court, and you also would like to appear at a Court hearing to speak about why you do not like the Settlement, you may indicate your intention to speak in your written objection, and you may appear at a  Court hearing where the Judge will decide whether the Settlement is fair. |

**These rights and options and the deadlines to exercise them are explained below.**

### 1. Why did I get this notice?

You are receiving this notice because you were identified as a person who submitted a written inquiry to Defendant, Select Portfolio Servicing, Inc. ("SPS"), and to whom SPS sent a letter response stating that because your loan was involved in ongoing litigation, SPS would refrain from providing a detailed response to your inquiry at that time.

### 2. What is this lawsuit about?

The Plaintiffs alleged that SPS violated a federal law known as the Real Estate Settlement Procedures Action ("RESPA") by sending borrowers response letters stating, without more, that because their loan was involved in ongoing litigation, SPS would refrain from providing a detailed response to their inquiry at that time.  SPS denies all claims made in the lawsuit.  By entering into the Settlement, SPS is not admitting it did anything wrong.

### 3. Why is this a class action?

In a class action, one or more people, called Class Representatives (in this case, George Koustis

and Ronald Collins), sue on behalf of a group (or a "Class") of people who have similar claims.

## 4. Why is there a Settlement?

The Class Representatives and the Defendant do not agree about the claims made in this lawsuit. The lawsuit has not gone to trial and the Court has not decided in favor of either the Class Representatives or the Defendant.  Instead, the Class Representatives and the Defendant have agreed to settle the lawsuit.  The Class Representatives and their lawyers believe the Settlement is in the best interest of all Class Members because of the cost, risk, and delay associated with continued litigation.  The Defendant denies that it did anything wrong and believes that its defenses to the claims would succeed, but the Defendant nevertheless has agreed to settle this lawsuit to avoid the burden, expense, risk, and uncertainty of continuing the litigation.

## 5. How do I know if I am a part of the Settlement?

You received this Notice because SPS's records indicate that you are a Class Member.   The Settlement Class is defined as:

> All mortgage loan borrowers in the United States (1) who submitted an inquiry, dispute, or request for information in writing to SPS's designated address for Notices of Error, Requests for Information, or Qualified Written Requests, and (2) to whom SPS sent an Active Litigation Letter, without more, from October 26, 2017 to October 26, 2020.

## YOUR BENEFITS UNDER THE SETTLEMENT

## 6. What can I get from the Settlement?

You will be entitled to a share of the Class Recovery if you do not exclude yourself from the Settlement. The Class Recovery is calculated as the Total Class Settlement Amount of $105,000, less (i) Class Counsel's attorneys' fees up to $40,000, (ii) Class Counsel's litigation costs and expenses of approximately $600, (iii) Class Representative Awards totaling $2,000, and (iv) any Settlement Administration Costs to provide Class Notice and administer the Settlement, estimated at approximately $2,000. The Class Recovery will be divided equally among Class Members, and is estimated to be approximately $800 per Class Member. This amount may be increased or decreased depending on the actual Court awards of Class Counsel's attorneys' fees and litigation expenses, and Class Representative Awards, and the actual costs to provide Class Notice and administer the Settlement.

## 7. When will I receive these benefits?

It is estimated that you will receive these benefits approximately 60 days after the Court enters a Final Approval Order, assuming that no party seeks an appeal of the Settlement.

### 8. I want to be a part of the Settlement. What do I do?

If you are a Class Member, you do not need to do anything to be part of the Settlement. By doing nothing, you will automatically be included in the Settlement and will receive a check for your share of the Class Recovery.

### 9. What am I giving up if I remain in the Class?

By staying in the Class, all of the Court's orders will apply to you, and you give SPS a "release." A release means you cannot sue or be part of any other lawsuit against SPS about the claims or issues in this lawsuit.

### 10. How much will the Class Representatives receive?

The Class Representatives, George Koustis and Ronald Collins, each will receive a payment of $1,000 for their services to the Class. This payment is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the Settlement, but you want to keep your legal claims against SPS, then you must take steps to exclude yourself from this Settlement

### 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from:

*Koustis et al. v. Select Portfolio Servicing, Inc.*
*N.D. Ohio Case No. 1:20-cv-02425-DAP*

Be sure to include your name, current address, telephone number, and your signature. You must also include the address of the property for which a letter was sent. If there is more than one borrower on your mortgage loan, all borrowers must sign the request for exclusion. If there is more than one borrower on your mortgage loan and your exclusion request does not contain all borrowers' signatures, there must be a valid explanation for the unavailability of co-borrowers to sign. You must mail your exclusion request so that it is postmarked **no later than _____, 2021** to:

Class-settlement.com
20 Max Avenue
Hicksville, New York 11802-9009

### 12. If I exclude myself, do I still receive benefits from this Settlement?

No, you will not receive anything resulting from the Settlement, but you will have the right to sue

SPS over the claims raised in this case, either on your own or as a part of a different lawsuit.

# THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

Yes. The Court has named Marc Dann of DannLaw and Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C. as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by _____**, 2021.**

**14. How will the lawyers be paid?**

Class Counsel will ask the Court for an award of attorneys' fees in an amount up to $40,000, plus reimbursement of their out-of-pocket costs of approximately $600, to be paid from the Total Class Settlement Amount paid by SPS.  The amount of attorneys' fees and costs to be paid to Class Counsel is subject to Court approval.

# CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

**15. Is this a fair Settlement?**

Class Counsel believes that this Settlement is fair. The claim asserted on behalf of the Class against SPS is under RESPA, which is a federal statute that provides for both individual actions and class actions. In an individual action, RESPA provides for (i) any actual damages suffered, if proven, and (ii) statutory damages of between $0 and $2,000.  In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members, and (ii) the lesser of 1% of the defendant's net worth or $1,000,000. The Court, in its discretion, may award anything from $0 up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful. After assessing the strengths and weaknesses of the case, along with the risks involved with continued litigation, Class Counsel believes the Settlement is fair and reasonable.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**16. How do I tell the Court that I do not like the Settlement?**

If you are a Class Member and you have not excluded yourself from the Settlement, you can object to the Settlement. In order to object to the Settlement or any part of the Settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Koustis et al. v. Select Portfolio Servicing, Inc., N.D. Ohio Case No. 1:20-cv-02425-DAP*, your name, current address, telephone number, and your signature. You must also include the address of the property for which a letter was sent. If you are objecting to the settlement, you may also appear at the fairness hearing

(explained below). You must mail your objection so that it is postmarked no later than _____, **2021** to:

> Clerk of the Court, United States District Court for the Northern District of Ohio
> Carl B. Stokes U.S. Courthouse
> 801 West Superior Avenue
> Cleveland, Ohio 44113

You must also send a copy of your objection to:

> Class Counsel:
>
> Marc E. Dann
> DannLaw
> P.O. Box 6031040
> Cleveland, OH 44103
>
> Thomas A. Zimmerman, Jr.
> Zimmerman Law Offices, P.C.
> 77 West Washington Street, Ste. 1220
> Chicago, IL 60602
>
> *-- AND --*
>
> SPS's Counsel:
>
> David S. Kantrowitz
> Goodwin Procter LLP
> 100 Northern Avenue
> Boston, MA 02210
>
> Alyssa A. Sussman
> Goodwin Procter LLP
> The New York Times Building
> 620 Eighth Avenue
> New York, NY 10018

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend if you wish, but you are not required to do so.

| 17 Where and when is the fairness hearing? |
| --- |

The Court will hold a fairness hearing on_____, at_____.m.  in  the courtroom of the Honorable Judge Dan Aaron Polster, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113, Courtroom 18B, or by other means in the discretion of the Court. The purpose of the hearing will be for the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for the Class Representatives and Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT:

| 18. Where can I get additional information? |
| --- |

Class Counsel:

      Marc E. Dann
      DannLaw
      P.O. Box 6031040
      Cleveland, OH 44103
      216-373-0539
      notices@dannlaw.com

      Thomas A. Zimmerman, Jr.
      Zimmerman Law Offices, P.C.
      77 West Washington Street, Ste. 1220
      Chicago, IL 60602
      312-440-0020
      tom@attorneyzim.com

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.**

**They are not permitted to answer your questions.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| George G. Koustis, et al.,<br><br>                         Plaintiffs,<br>      v.<br><br>Select Portfolio Servicing, Inc.,<br><br>                       Defendant. | Case No. 1:20-cv-02425-DAP<br><br>Judge Dan Aaron Polster<br><br>**PRELIMINARY APPROVAL ORDER** |

The Court, having considered Plaintiffs George G. Koustis' and Ronald J. Collins' ("Plaintiffs") unopposed motion for preliminary approval of the Settlement reached between Plaintiffs and Defendant Select Portfolio Servicing, Inc. ("SPS") (collectively, the "Parties") in the above-captioned matter, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiffs, individually, and as representatives of the class of persons defined below ("Settlement Class"), and Defendant.

IT IS HEREBY ORDERED AS FOLLOWS:

1.     The Court finds that the proposed Settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2.     The Court provisionally certifies the following Settlement Class solely for settlement purposes:

> All mortgage loan borrowers in the United States (1) who submitted an inquiry, dispute, or request for information in writing to SPS's designated address for Notices of Error, Requests for Information, or Qualified Written Requests, and (2) to whom SPS sent an Active Litigation Letter, without more, from October 26, 2017 to October 26, 2020.

3.     Based on Plaintiffs' motion for preliminary approval, and for settlement purposes only, the Court finds that:

**EXHIBIT 2**

A.      The Settlement Class is so numerous that joinder of all members is impracticable.  Based on Plaintiffs' motion for preliminary approval, discovery has shown there are approximately 74 Settlement Class Members;

B.      There are questions of law and fact common to the proposed Settlement Class that predominate over any questions affecting only individual members.  Based on Plaintiffs' motion for preliminary approval, those questions include (i) whether SPS sent Active Litigation Letters in response to Plaintiffs' and Settlement Class Members' Borrower Inquiries, (ii) whether SPS's Active Litigation Letters failed to provide substantive responses to Plaintiffs' and Settlement Class Members' Borrower Inquiries in violation of RESPA and Regulation X, (iii) whether SPS's practice of sending Active Litigation Letters is a sustained pattern and practice of noncompliance with RESPA and Regulation X, (iv) whether Plaintiffs and Settlement Class Members suffered actual damages, and (v) whether Plaintiffs and Settlement Class Members are entitled to recover statutory damages;

C.      The individual claims of Plaintiffs are typical of the claims of the Settlement Class.  Based on Plaintiffs' motion for preliminary approval, Plaintiffs' and Settlement Class Members' claims arise out of the same conduct; namely SPS's actions to send an Active Litigation Letter in response to receiving a Borrower Inquiry;

D.      Based on Plaintiffs' motion for preliminary approval, Plaintiffs are

2

appropriate and adequate representatives for the Settlement Class, as demonstrated by their prosecution of this action, they do not have adverse interests to the Settlement Class, and they are appointed Class Representatives;

E.     Based on Plaintiffs' motion for preliminary approval, a class action is superior to other methods for fairly and efficiently settling this controversy, as if individual Settlement Class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct;

F.     Based on Plaintiffs' motion for preliminary approval, Plaintiffs' counsel, Marc Dann and Thomas A. Zimmerman, Jr. will fairly and adequately represent the interests of the Settlement Class, as demonstrated by their prosecution of this action, and their extensive experience litigating consumer class actions. They are appointed Class Counsel.

4.  The Court appoints Class-settlement.com as the Settlement Administrator.

5.  The Court approves the proposed Class Notice and directs that it be mailed to the last known addresses of the Settlement Class Members as shown in SPS's business records. The Settlement Administrator will cause the Class Notice to be mailed to Settlement Class Members on or before _____, 2021. The Settlement Administrator will have the notice sent by any form of U.S. Mail providing forwarding addresses.

6.  The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable

ACTIVE/110097053.1

law.

7.  Settlement Class Members shall have until **_____, 2021**, to exclude themselves from or object to the proposed Settlement. Any Settlement Class Members desiring to exclude themselves from the Settlement must serve copies of the request on counsel for both Plaintiffs and SPS by that date. Any Settlement Class Members who wish to object to the Settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Ohio, and serve copies of the objection on counsel for both Plaintiffs and SPS by that date.

8.  Any requests for exclusion must include the name and number of the case, the Settlement Class Member's name, current address, telephone number, and signature, and must also include the address of the property for which a letter was sent. If there is more than one borrower on the mortgage loan, all borrowers must sign the request for exclusion.

9.  Any objections must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed Settlement is not in the best interests of the Settlement Class. The objection must also include the Settlement Class Member's name, current address, telephone number, and signature, and must also include the address of the property for which a letter was sent. Objectors who have filed written objections to the Settlement may also appear at the fairness hearing and be heard on the fairness of the Settlement.

10. If not already filed, SPS shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

11. This matter is set for a fairness hearing for final approval of the Settlement at _____ .m. on _____, 2021.

**IT IS SO ORDERED:**

_____

Honorable Dan Aaron Polster
District Judge, United States District Court

Dated:

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| George G. Koustis, et al., | Case No. 1:20-cv-02425-DAP |
| Plaintiffs, | Judge Dan Aaron Polster |
| v. | **FINAL APPROVAL ORDER** |
| Select Portfolio Servicing, Inc., | |
| Defendant. | |

**FINAL APPROVAL ORDER AND JUDGMENT**

Upon consideration of Plaintiffs George G. Koustis' and Ronald J. Collins' ("Plaintiffs" or "Class Representatives") request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiffs, individually, and as representatives of the class of persons defined below ("Settlement Class"), and Defendant Select Portfolio Servicing, Inc. ("SPS" or "Defendant") in the above-captioned lawsuit (the "Litigation"), the Court finds and concludes as follows:

1. This Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, Settlement Class Members, and SPS.

2. This Order incorporates the definitions in the Agreement, and all terms used in this Order have the same meaning as set forth in the Agreement, unless otherwise defined herein. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

3. The Court affirms the finding that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement in that: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement

1

**EXHIBIT 3**

Class Members; (C) the claims of Plaintiffs are typical of the Settlement Class Members' claims; (D) Plaintiffs are appropriate and adequate representatives of the Class, and their attorneys, Marc Dann and Thomas A. Zimmerman, Jr. have fairly and adequately represented the interests of the Class Members are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class Members.

4.      The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

5.      The notice to government entities, as given, complied with 28 U.S.C. § 1715.

6.      The Settlement set forth in the Agreement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations without collusion among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives and Defendant to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the number of opt-outs from the Settlement, objections by Settlement Class Members, and the opinion of competent counsel concerning such matters. The Court has considered duly filed objections to the Settlement, if any, and to the extent such objections have not been withdrawn, superseded, or otherwise resolved, they are overruled and denied in all respects on their merits.

7.      The Class Representatives have fairly and adequately represented the interests of Class Members in connection with the Settlement.

8.     The _____ (___) persons and entities who have timely and validly filed notices of intention to opt out are identified in Exhibit 1 attached hereto ("Excluded Persons").

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

A.     The Settlement set forth in the Agreement is approved as fair, reasonable, and adequate. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Agreement.

B.     All Parties to this Litigation, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order. Excluded Persons identified in Exhibit 1 are no longer parties to this Litigation and are not bound by the Agreement or the Settlement.

C.     The appointment of George G. Koustis and Ronald J. Collins as Class Representatives is affirmed.

D.     The appointment of Marc Dann and Thomas A. Zimmerman, Jr. as Class Counsel is affirmed.

E.     The Court affirms the finding that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23 (a) and (b )(3) for purposes of the Settlement in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives are adequate representatives for the Settlement Class and have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

F.     Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

G.     Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Plaintiffs George G. Koustis and Ronald J. Collins, each Settlement Class Member who is not a Successful Opt-Out, and each and every one of their respective spouses, children, executors, agents, representatives, guardians, wards, attorneys, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents and assigns, and all persons who assert claims (or could assert claims) on their behalf or who are acting on their behalf or for their benefit (in their capacities as such) (collectively "Releasors"), hereby release and forever discharge SPS and its past, present, and future directors, officers (whether acting in such capacity or individually), trustees, owners, joint venturers, members, employers, employees, partners, principals, agents, shareholders, attorneys, accountants, auditors, insurers, advisors, personal and legal representatives, assigns and assignees, predecessors, successors, parents, subsidiaries, divisions, departments, associates, related or affiliated entities, clients, including without limitation, express or implied, any persons or entities for whom SPS collects debts, or any agent, independent contractor, attorney, person or entity acting or purporting to act for SPS or on its behalf or on behalf of any other Released Party (collectively, "Released Parties"), from all causes of action, suits, claims, damages, agreements, liabilities, obligations, and demands, in law or in equity, of any kind whatsoever, known or unknown, direct or consequential, which Releasors now have or ever had against the Released Parties relative to any claims that were made or that could have been made in this Litigation that arise out of or in any way concern the allegations in the Litigation or the underlying facts and circumstances, including without limitation, SPS's sending of Active Litigation Letters and any and all claims for violation of the RESPA or any state statute similar in purpose to the RESPA arising out of or that in any way concern SPS's sending of Active Litigation Letters (collectively, "Claims").   The Releasors

4

covenant not to sue, institute, cause to be instituted, permit to be instituted on their behalf, or assist instituting or prosecuting any proceedings, or otherwise assert any Claims against any Released Party that are within the scope of Paragraph 26 of the Agreement.  The definition of Released Parties shall be construed to include any and all note owners, trustees, trusts, and any other entities that have any legal or equitable interest in the debts or loans that Plaintiffs or any Settlement Class Member incurred or obtained bringing him, her, or them within the scope of this Agreement, including without limitation the debt George G. Koustis and Kelly A. Koustis incurred or obtained on June 15, 1998, secured by the property at 11379 Woodiebrook Drive, Munson Township, Ohio 44024, and the debt Ronald Collins and Viola Parker incurred or obtained on May 15, 2007, secured by the property at 35 Saint George Place, West Palm Beach, Florida 33418, or in the security or mortgage lien in connection with the debt or loan.

H.   Upon Final Approval, the Releasors each will also waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to the paragraphs above.  Section 1542 of the California Civil Code reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Whether a beneficiary of California law or otherwise, Plaintiffs and each of the Releasors agree and acknowledge that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of the paragraphs above, but each of those individuals expressly agree that, upon entry of the final judgment, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent

or non-contingent claim with respect to the claims released pursuant to Paragraph 26 of the Agreement, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

I.     The Class Representatives and all Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Claims against any of the Released Parties.

J.     The Class Representatives, and all Settlement Class Members, are hereby conclusively deemed to have waived California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state.

K.     The plan for distributing Settlement payments to Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the distribution plan or amendments thereto shall not operate to terminate or cancel the Agreement or affect the finality of this Final Approval Order.

L.     The Court hereby decrees that neither the Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of any fault, wrongdoing, or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Agreement or to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

M.   The Class Representatives are each awarded $_____, such amounts to be paid from the Total Class Settlement Amount in accordance with the terms of the Agreement.

N.   Class Counsel is awarded attorneys' fees and costs in the amount of $_____, such amounts to be paid from the Total Class Settlement Amount in accordance with the terms of the Agreement.

O.   The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Total Class Settlement Amount; (b) the Litigation, until the Final Approval Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

P.   There being no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment. The Clerk of Court is directed to enter this Order on the docket forthwith. The above-captioned action is hereby DISMISSED *with prejudice*.

Q.   The Court adjudges that the Class Representatives and all Settlement Class Members shall be bound by this Final Approval Order.

R.   Upon the entry of this Order, the Class Representatives and all Settlement Class Members shall be enjoined and barred from asserting any released Claims against Defendant and the Released Parties.

**IT IS SO ORDERED:**

_____
Honorable Dan Aaron Polster
District Judge, United States District Court

Dated:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **GEORGE G. KOUSTIS,** *et al.*, *on behalf of themselves and all others similarly situated,* | Case No.1:20-CV-02425-DAP |
| Plaintiffs, | Judge Daniel Aaron Polster |
| v. | |
| **SELECT PORTFOLIO SERVICING, INC.,** | |
| Defendant. | |

### <u>DECLARATION OF DOROTHY SUE MERRYMAN</u>

I, Dorothy Sue Merryman, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct:

1.     I have personal knowledge of the facts stated in this declaration and can competently testify to the same.

2.     I am a Project Manager for Class-Settlement.com ("Class Settlement"), the Court-appointed Settlement Administrator. *See* Order Granting Preliminary Approval, ¶ 4 (Dkt. 25).

3.     Class Settlement provides claims administration services, including class notification, and settlement distribution services.

4.     At the request of counsel for the parties, I coordinated the distribution of the class notice in this case and have knowledge of what work was performed.

5.     Defendant's counsel provided me with a list (the "Class List") of 74 unique member names and addresses of borrowers who received a letter response from Select Portfolio Servicing, Inc. ("SPS") between October 26, 2017 and October 26, 2020 stating that because their loan was involved in litigation, SPS would refrain from providing a detailed response to their inquiry at that time, an action which gave rise to the lawsuit.

**EXHIBIT B**

6.      Counsel for the parties requested that Class Settlement mail the Class Notice to all Class Members on the Class List, via U.S. First Class Mail. A true and correct copy of the Class Notice is attached hereto as <u>Exhibit 1</u>. Class Settlement checked each address on the Class List against the National Change of Address (NCOA) database prior to mailing.

7.      On July 28, 2021, Class Settlement caused the Class Notice to be mailed to the 74 records on the Class List.

8.      As of November 24, 2021, six Class Notices were returned as undeliverable. Of those, one contained forwarding information, or new address information was obtained via skip-tracing, and that one Class Notice was remailed. One of the six Class Notices that were returned was returned because the Class member is deceased. The remaining four Class Notices could not be remailed.

9.      As of November 24, 2021, Class Settlement received four timely requests to opt out of the settlement, and no objections to the settlement.

10.     On July 13, 2021, Defendant SPS deposited $5,000 to the Settlement Fund as an advance against administrative costs for this matter. Class-settlement.com presently estimates that its total costs for dissemination of Class notice and for settlement administration will not exceed $1,600.


Executed this <u>26</u><sup>th</sup> day of November, 2021.


_____

Dorothy Sue Merryman

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

The case is *Koustis et al. v. Select Portfolio Servicing, Inc.*
Case No. 1:20-cv-02425-DAP

# If you received a letter response from Select Portfolio Servicing, Inc. ("SPS") between October 26, 2017 and October 26, 2020 stating that because your loan was involved in litigation, SPS would refrain from providing a detailed response to your inquiry at that time, you could receive a payment from a class action settlement.

*A Federal court authorized this notice.*
*This is <u>not</u> a solicitation from a lawyer.*

- A proposed Settlement has been reached in a class action lawsuit concerning responses that SPS sent to letters from borrowers whose loans were involved in litigation between October 26, 2017 and October 26, 2020.
- You are receiving this Notice because SPS's records indicate that SPS may have sent you a letter response between October 26, 2017 and October 26, 2020 stating that SPS would refrain from providing a detailed response to your inquiry at that time because your loan was involved in litigation.
- Your legal rights will be affected whether you act or do not act.  Therefore you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | By doing nothing, you will remain in the Settlement Class and will receive a Settlement payment. However, you will give up your rights to be part of any other lawsuit or legal proceeding about the claims made in this case and released by the Settlement. |
| **EXCLUDE YOURSELF BY <u>AUGUST 13, 2021</u>** | If you exclude yourself from the Settlement Class, you will not be bound by the Release, and you will not receive a Settlement payment.  This is the only option that allows you to be part of any other lawsuit or legal proceeding about the claims made in this case and released by the Settlement.  If you exclude yourself from the Settlement, you will not be able to object to the Settlement. |
| **OBJECT BY <u>AUGUST 13, 2021</u>** | Write to the Court about why you don't like the Settlement.  You can only object to the Settlement if you have not excluded yourself from the Settlement Class.  You may also appear at the Fairness Hearing on December 8, 2021. |
| **GO TO A HEARING ON <u>DECEMBER 8, 2021</u>** | Ask to speak in Court about the fairness of the Settlement. If you submit a written objection to the Court, and you also would like to appear at a Court hearing to speak about why you do not like the Settlement, you may indicate your intention to speak in your written objection, and you may appear at a Court hearing where the Judge will decide whether the Settlement is fair. |

**These rights and options and the deadlines to exercise them are explained below.**

**EXHIBIT 1**

### 1. Why did I get this notice?

You are receiving this notice because you were identified as a person who submitted a written inquiry to Defendant, Select Portfolio Servicing, Inc. ("SPS"), and to whom SPS sent a letter response stating that because your loan was involved in ongoing litigation, SPS would refrain from providing a detailed response to your inquiry at that time.

### 2. What is this lawsuit about?

The Plaintiffs alleged that SPS violated a federal law known as the Real Estate Settlement Procedures Action ("RESPA") by sending borrowers response letters stating, without more, that because their loan was involved in ongoing litigation, SPS would refrain from providing a detailed response to their inquiry at that time.  SPS denies all claims made in the lawsuit. By entering into the Settlement, SPS is not admitting it did anything wrong.

### 3. Why is this a class action?

In a class action, one or more people, called Class Representatives (in this case, George Koustis and Ronald Collins), sue on behalf of a group (or a "Class") of people who have similar claims.

### 4. Why is there a Settlement?

The Class Representatives and the Defendant do not agree about the claims made in this lawsuit. The lawsuit has not gone to trial and the Court has not decided in favor of either the Class Representatives or the Defendant. Instead, the Class Representatives and the Defendant have agreed to settle the lawsuit. The Class Representatives and their lawyers believe the Settlement is in the best interest of all Class Members because of the cost, risk, and delay associated with continued litigation. The Defendant denies that it did anything wrong and believes that its defenses to the claims would succeed, but the Defendant nevertheless has agreed to settle this lawsuit to avoid the burden, expense, risk, and uncertainty of continuing the litigation.

### 5. How do I know if I am a part of the Settlement?

You received this Notice because SPS's records indicate that you are a Class Member.  The Settlement Class is defined as:

All mortgage loan borrowers in the United States (1) who submitted an inquiry, dispute, or request for information in writing to SPS's designated address for Notices of Error, Requests for Information, or Qualified Written Requests, and (2) to whom SPS sent an Active Litigation Letter, without more, from October 26, 2017 to October 26, 2020.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the Settlement?

You will be entitled to a share of the Class Recovery if you do not exclude yourself from the Settlement. The Class Recovery is calculated as the Total Class Settlement Amount of $105,000, less (i) Class Counsel's attorneys' fees up to $40,000, (ii) Class Counsel's litigation costs and expenses of approximately $600, (iii) Class Representative Awards totaling $2,000, and (iv) any Settlement Administration Costs to provide Class Notice and administer the Settlement, estimated at approximately $2,000. The Class Recovery will be divided equally among Class Members, and is estimated to be approximately $800 per Class Member. This amount may be increased or decreased depending on the actual Court awards of Class Counsel's attorneys' fees and litigation expenses, and Class Representative Awards, and the actual costs to provide Class Notice and administer the Settlement.

### 7. When will I receive these benefits?

It is estimated that you will receive these benefits approximately 60 days after the Court enters a Final Approval Order, assuming that no party seeks an appeal of the Settlement.

### 8. I want to be a part of the Settlement. What do I do?

If you are a Class Member, you do not need to do anything to be part of the Settlement. By doing nothing, you will automatically be included in the Settlement and will receive a check for your share of the Class Recovery.

### 9. What am I giving up if I remain in the Class?

By staying in the Class, all of the Court's orders will apply to you, and you give SPS a "release." A release means you cannot sue or be part of any other lawsuit against SPS about the claims or issues in this lawsuit.

### 10. How much will the Class Representatives receive?

The Class Representatives, George Koustis and Ronald Collins, each will receive a payment of $1,000 for their services to the Class. This payment is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the Settlement, but you want to keep your legal claims against SPS, then you must take steps to exclude yourself from this Settlement

### 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from: Koustis et al. v. Select Portfolio Servicing, Inc., N.D. Ohio Case No. 1:20-cv-02425-DAP.

Be sure to include your name, current address, telephone number, and your signature. You must also include the address of the property for which a letter was sent. If there is more than one borrower on your mortgage loan, all borrowers must sign the request for exclusion. If there is more than one borrower on your mortgage loan and your exclusion request does not contain all borrowers' signatures, there must be a valid explanation for the unavailability of co-borrowers to sign. You must mail your exclusion request so that it is postmarked no later than August 13, 2021 to:

> Class-Settlement.com
> Koustis v SPS Opt Out
> PO Box 9009
> Hicksville, New York 11802-9009

### 12. If I exclude myself, do I still receive benefits from this Settlement?

No, you will not receive anything resulting from the Settlement, but you will have the right to sue SPS over the claims raised in this case, either on your own or as a part of a different lawsuit.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

Yes. The Court has named Marc Dann of DannLaw and Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C. as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by August 13, 2021.

### 14. How will the lawyers be paid?

Class Counsel will ask the Court for an award of attorneys' fees in an amount up to $40,000, plus reimbursement of their out-of-pocket costs of approximately $600, to be paid from the Total Class Settlement Amount paid by SPS.  The amount of attorneys' fees and costs to be paid to Class Counsel is subject to Court approval.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

### 15. Is this a fair Settlement?

Class Counsel believes that this Settlement is fair. The claim asserted on behalf of the Class against SPS is under RESPA, which is a federal statute that provides for both individual actions and class actions. In an individual action, RESPA provides for (i) any actual damages suffered, if proven, and (ii) statutory damages of between $0 and $2,000.  In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members, and (ii) the lesser of 1% of the defendant's net worth or $1,000,000. The Court, in its discretion, may award anything from $0 up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful. After assessing the strengths and weaknesses of the case, along with the risks involved with continued litigation, Class Counsel believes the Settlement is fair and reasonable.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 16. How do I tell the Court that I do not like the Settlement?

If you are a Class Member and you have not excluded yourself from the Settlement, you can object to the Settlement. In order to object to the Settlement or any part of the Settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: Koustis et al. v. Select Portfolio Servicing, Inc., N.D. Ohio Case No. 1:20-cv-02425-DAP, your name, current address, telephone number, and your signature. You must also include the address of the property for which a letter was sent. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below). You must mail your objection so that it is postmarked no later than August 13, 2021 to:

> Clerk of the Court, United States District Court
>    for the Northern District of Ohio
> Carl B. Stokes U.S. Courthouse
> 801 West Superior Avenue
> Cleveland, Ohio 44113

You must also send a copy of your objection to:

Class Counsel:

Marc E. Dann                          Thomas A. Zimmerman, Jr.
DannLaw                               Zimmerman Law Offices, P.C.
P.O. Box 6031040                      77 West Washington Street, Ste. 1220
Cleveland, OH 44103                   Chicago, IL 60602

*-- AND --*

SPS's Counsel:

David S. Kantrowitz                   Alyssa A. Sussman
Goodwin Procter LLP                   Goodwin Procter LLP
100 Northern Avenue                   The New York Times Building, 620 Eighth Avenue
Boston, MA 02210                      New York, NY 10018

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend if you wish, but you are not required to do so.

### 17. Where and when is the fairness hearing?

The Court will hold a fairness hearing on December 8, 2021, at 12:00 p.m. in the courtroom of the Honorable Judge Dan Aaron Polster, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113, Courtroom 18B, or by other means in the discretion of the Court. The purpose of the hearing will be for the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for the Class Representatives and Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE NOT REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT:

### 18. Where can I get additional information?

Class Counsel:        Marc E. Dann                          Thomas A. Zimmerman, Jr.
                      DannLaw                               Zimmerman Law Offices, P.C.
                      P.O. Box 6031040                      77 West Washington Street, Ste. 1220
                      Cleveland, OH 44103                   Chicago, IL 60602
                      216-373-0539 / notices@dannlaw.com    312-440-0020 / tom@attorneyzim.com

## DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.

## THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.

Koustis v. SPS          *12325941C*
Class-Settlement.com
PO Box 9009                  12325941
Hicksville, NY 11802-9009

NAME
COMPANY
121 SW MAIN RD
COLUMBUS, KS  12345-6789

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| George G. Koustis, et al., | Case No. 1:20-cv-02425-DAP |
| Plaintiffs, | Judge Dan Aaron Polster |
| v. | **FINAL APPROVAL ORDER** |
| Select Portfolio Servicing, Inc., | |
| Defendant. | |

**FINAL APPROVAL ORDER AND JUDGMENT**

Upon consideration of Plaintiffs George G. Koustis' and Ronald J. Collins' ("Plaintiffs" or "Class Representatives") request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiffs, individually, and as representatives of the class of persons defined below ("Settlement Class"), and Defendant Select Portfolio Servicing, Inc. ("SPS" or "Defendant") in the above-captioned lawsuit (the "Litigation"), the Court finds and concludes as follows:

1.      This Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, Settlement Class Members, and SPS.

2.      This Order incorporates the definitions in the Agreement, and all terms used in this Order have the same meaning as set forth in the Agreement, unless otherwise defined herein. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

3.      The Court affirms the finding that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement in that: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement

1

**EXHIBIT C**

Class Members; (C) the claims of Plaintiffs are typical of the Settlement Class Members' claims; (D) Plaintiffs are appropriate and adequate representatives of the Class, and their attorneys, Marc Dann and Thomas A. Zimmerman, Jr. have fairly and adequately represented the interests of the Class Members are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class Members.

4. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

5. The notice to government entities, as given, complied with 28 U.S.C. § 1715.

6. The Settlement set forth in the Agreement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations without collusion among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives and Defendant to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the number of opt-outs from the Settlement, objections by Settlement Class Members, and the opinion of competent counsel concerning such matters. The Court has considered duly filed objections to the Settlement, if any, and to the extent such objections have not been withdrawn, superseded, or otherwise resolved, they are overruled and denied in all respects on their merits.

7. The Class Representatives have fairly and adequately represented the interests of Class Members in connection with the Settlement.

8.     The persons who have timely and validly filed notices of intention to opt out are identified in Exhibit 1 attached hereto ("Excluded Persons").

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

A.     The Settlement set forth in the Agreement is approved as fair, reasonable, and adequate. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Agreement.

B.     All Parties to this Litigation, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order. Excluded Persons identified in Exhibit 1 are no longer parties to this Litigation and are not bound by the Agreement or the Settlement.

C.     The appointment of George G. Koustis and Ronald J. Collins as Class Representatives is affirmed.

D.     The appointment of Marc Dann and Thomas A. Zimmerman, Jr. as Class Counsel is affirmed.

E.     The Court affirms the finding that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23 (a) and (b )(3) for purposes of the Settlement in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives are adequate representatives for the Settlement Class and have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

F.    Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

G.    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Plaintiffs George G. Koustis and Ronald J. Collins, each Settlement Class Member who is not a Successful Opt-Out, and each and every one of their respective spouses, children, executors, agents, representatives, guardians, wards, attorneys, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents and assigns, and all persons who assert claims (or could assert claims) on their behalf or who are acting on their behalf or for their benefit (in their capacities as such) (collectively "Releasors"), hereby release and forever discharge SPS and its past, present, and future directors, officers (whether acting in such capacity or individually), trustees, owners, joint venturers, members, employers, employees, partners, principals, agents, shareholders, attorneys, accountants, auditors, insurers, advisors, personal and legal representatives, assigns and assignees, predecessors, successors, parents, subsidiaries, divisions, departments, associates, related or affiliated entities, clients, including without limitation, express or implied, any persons or entities for whom SPS collects debts, or any agent, independent contractor, attorney, person or entity acting or purporting to act for SPS or on its behalf or on behalf of any other Released Party (collectively, "Released Parties"), from all causes of action, suits, claims, damages, agreements, liabilities, obligations, and demands, in law or in equity, of any kind whatsoever, known or unknown, direct or consequential, which Releasors now have or ever had against the Released Parties relative to any claims that were made or that could have been made in this Litigation that arise out of or in any way concern the allegations in the Litigation or the underlying facts and circumstances, including without limitation, SPS's sending of Active Litigation Letters and any and all claims for violation of the RESPA or any state statute similar in purpose to the RESPA arising out of or that in any way concern SPS's sending of Active Litigation Letters (collectively, "Claims").   The Releasors

4

covenant not to sue, institute, cause to be instituted, permit to be instituted on their behalf, or assist instituting or prosecuting any proceedings, or otherwise assert any Claims against any Released Party that are within the scope of Paragraph 26 of the Agreement.  The definition of Released Parties shall be construed to include any and all note owners, trustees, trusts, and any other entities that have any legal or equitable interest in the debts or loans that Plaintiffs or any Settlement Class Member incurred or obtained bringing him, her, or them within the scope of this Agreement, including without limitation the debt George G. Koustis and Kelly A. Koustis incurred or obtained on June 15, 1998, secured by the property at 11379 Woodiebrook Drive, Munson Township, Ohio 44024, and the debt Ronald Collins and Viola Parker incurred or obtained on May 15, 2007, secured by the property at 35 Saint George Place, West Palm Beach, Florida 33418, or in the security or mortgage lien in connection with the debt or loan.

H.   Upon Final Approval, the Releasors each will also waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to the paragraphs above.  Section 1542 of the California Civil Code reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Whether a beneficiary of California law or otherwise, Plaintiffs and each of the Releasors agree and acknowledge that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of the paragraphs above, but each of those individuals expressly agree that, upon entry of the final judgment, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent

or non-contingent claim with respect to the claims released pursuant to Paragraph 26 of the Agreement, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

I.     The Class Representatives and all Settlement Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Claims against any of the Released Parties.

J.     The Class Representatives, and all Settlement Class Members, are hereby conclusively deemed to have waived California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state.

K.     The plan for distributing Settlement payments to Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the distribution plan or amendments thereto shall not operate to terminate or cancel the Agreement or affect the finality of this Final Approval Order.

L.     The Court hereby decrees that neither the Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of any fault, wrongdoing, or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Agreement or to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

6

M.    The Class Representatives are each awarded $1,000.00, such amounts to be paid from the Total Class Settlement Amount in accordance with the terms of the Agreement.

N.    Class Counsel is awarded attorneys' fees and costs in the amount of $40,590.43, such amounts to be paid from the Total Class Settlement Amount in accordance with the terms of the Agreement.

O.    The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Total Class Settlement Amount; (b) the Litigation, until the Final Approval Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

P.    There being no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment. The Clerk of Court is directed to enter this Order on the docket forthwith. The above-captioned action is hereby DISMISSED *with prejudice*.

Q.    The Court adjudges that the Class Representatives and all Settlement Class Members shall be bound by this Final Approval Order.

R.    Upon the entry of this Order, the Class Representatives and all Settlement Class Members shall be enjoined and barred from asserting any released Claims against Defendant and the Released Parties.

**IT IS SO ORDERED:**


_____
Honorable Dan Aaron Polster
District Judge, United States District
Court

Dated:

7

### Exhibit 1

List of persons who excluded themselves from the Settlement:

      Pamela Wall
      Ricky and Lavonna Thompson
      Sally Heyns
      Stanley Scheinman